State *v.* Baker.

STATE *versus* BAKER.

In criminal prosecutions, it is essential that the indictment or complaint allege with certainty the time at which the offence was committed; although, at the trial, proof that it was committed at a different time is receivable.

A complaint will not be sustained, if in stating the time of the offence it merely allege, that it was committed " on or about" a specified day.

ON EXCEPTIONS from the District Court, EMERY, J.

PROSECUTION for selling intoxicating liquor in violation of the statute. The complaint alleged, that the sale was made "*on or about*" the thirty-first day of January, 1852.

The defendant before the municipal court moved, that the complaint be quashed, " because the time of committing the offence is not alleged with sufficient certainty." The motion was overruled, and the defendant after conviction, appealed to the District Court. He there renewed the motion, which was overruled, and the defendant excepted.

*Barrows*, for the defendant.

The judgment should be arrested, because the time of the commission of the offence charged is not alleged with sufficient certainty. Bacon's Abridg. Title Indictment, G. 4, vol. 3, page 106.

The day should be laid with certainty, although, it is not material that it should be proved precisely as laid. Wharton's Am. Crim. Law, p. 75.

Analogous to the allegations with regard to place. *State* v. *Roberts*, 26 Maine, 263.

There is no allegation in this complaint, that the offence was committed on any day named. The words " or about" constitute a qualification of the allegation and leave the time

utterly uncertain. *State* v. *S. S.* 1 Tyler, 295, (U. S. Dig. vol. 2, p. 530;) *State* v. *Beckwith*, 1 Stew. 318, (U. S. Dig. vol. 2, p. 530.)

For aught that appears on the record, the offence may have been committed subsequent to the filing of the complaint.

*Tallman, Att'y General,* for the State.

I move for leave to strike out the words "or about." Such an amendment is allowable on a motion in arrest of judgment. Wharton's Cr. Law, 165. To striking out on a *motion to quash*, there can be weightier objection than would exist on a *motion to arrest.*

The words, however, are merely surplusage, and do not vitiate the complaint as it stands.

WELLS, J., orally. — The words "or about," cannot be treated as surplusage. If they were stricken out, the complaint would allege an exact day. But such was not the intent of their insertion. They were used to show that there was an uncertainty as to the time. The motion to amend cannot be allowed.

Writers on criminal law concur in requiring the time to be alleged. 3 Bacon's Ab. 106; Indictment, G. 4; 4 Comyn's Dig. 393, G. 2; 1 Chitty's Cr. Law, 181.

But, though necessary that the time should be alleged, it is not requisite to prove that the act was done on the precise day alleged.

On the first appearance, there would seem no very strong reason for the allegation of the time. But there may be utility in it. The accused might have a right to expect the government would rely upon the day alleged, and prepare his defence accordingly. If the government should then depart from that day in their proofs, he might claim a continuance. There may also be other reasons. But whatever the reasons, the law has long been settled, requiring an allegation of the time. In this case it was not done with sufficient certainty, and for that cause the complaint is fatally defective.

*Judgment arrested.*