## Case No. 16,741.

UNITED STATES v. WINSLOW (two cases).

[2 Cranch, C. C. 47.]¹

Circuit Court, District of Columbia. June Term, 1812.

### FORGERY OF BANK NOTES.

Forgery of the note of a private, unchartered bank, may be punished under the Maryland act of 1799, c. 75, § 1. So also the forgery of the notes of chartered banks.

The indictment against Thomas Winslow was for counterfeiting and passing a note of the Bank of Potomac, a private, unchartered bank. The prisoner pleaded guilty, and being recommended to mercy by the bank, in consequence of disclosures as to other offenders, THE COURT sentenced him to six months' imprisonment, to pay a fine of 100 dollars, and to stand committed until the fine and costs should be paid. This sentence was under the Maryland act of 1779, c. 75, § 1.

The indictment against Mark Winslow was for forging the bank-notes of chartered banks, namely, the Farmers' Bank of Alexandria and the Bank of Virginia, with intent to defraud those banks. THE COURT passed a like sentence.

---

¹ [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 16,742.

UNITED STATES v. WINSLOW.

[3 Sawy. 337;¹ 7 Chi. Leg. News, 298.]

District Court, D. Oregon. May 7, 1875.

INDICTMENT FOR SELLING LIQUOR TO INDIANS—OREGON—INDIAN COUNTRY—INDICTMENT—UNCERTAINTY.

1. In an indictment under section 2139 of the Revised Statutes for disposing of spirituous liquors to an Indian, it is necessary to allege that the defendant is not an "Indian in the Indian country."

2. The exception in said section, "an Indian in the Indian country," does not apply to the offense, but only to the person who may commit it.

3. Section 5 of the act of June 5, 1850 (9 Stat. 437), making Oregon Indian country, so far as the disposition of spirituous liquors to Indians is concerned, is not repealed by section 5596 of the Revised Statutes.

4. An allegation in an indictment that the defendant did the act charged "on or about" a certain day is void for uncertainty; it does not show but that the action is barred by lapse of time.

[Cited in Conroy v. Oregon Const. Co., 23 Fed. 73.]

Rufus Mallory, for plaintiff.
John M. Gearin, for defendant.

DEADY, District Judge. The indictment in this case charges that the defendant [Mark Winslow], on or about February 1, 1875, in the county of Yamhill and state of Oregon, did dispose of spirituous liquors to one Bill, an Indian who resides upon the Grande Ronde Indian agency, who was then and there, and is now under the charge of P. B. Sinnott, an Indian agent appointed by the United States, contra formam statuti, etc. The defendant demurs to the indictment because (1) it does not state facts sufficient to constitute a cause of action, and (2) the allegation as to time is uncertain and void.

The material part of the statute under which the indictment was found reads as follows: "Every person except an Indian, in the Indian country, who sells, exchanges, gives, barters or disposes of any spirituous liquors or wine to any Indian under the charge of any Indian superintendent or agent * * * shall be punishable," etc. Rev. St. § 2139.

Under the first cause of demurrer it is maintained that the indictment should have contained an allegation to the effect that the defendant was not "an Indian in the Indian country," and that without such allegation, negativing this exception in the statute, no violation of it is alleged.

In answer to this, the district attorney assumes that the state of Oregon is not Indian country, and therefore it is impossible that the defendant could come within the exception; which obviates the necessity of negativing it in the indictment.

---

¹ [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

Section 5 of the act of June 5, 1850, provided: "That the law regulating trade and intercourse with the Indian tribes east of the Rocky Mountains, or such provisions of the same as may be applicable, be extended over the Indian tribes in the territory of Oregon."

It has always been held that the effect of this provision was to make Oregon, so far as the disposition of spirituous liquors to Indians is concerned, Indian country. U. S. v. Tom, 1 Or. 27; U. S. v. Seveloff [Case No. 16,252]. Nor is this provision repealed by the Revised Statutes; for although a "portion" of the act of June 5, supra—parts of sections 2 and 4—are embraced in sections 2046 and 2052 of said statutes, yet it is not "affected" by them, for being merely a local provision, it is expressly reserved from the operation of the repealing clause of section 5596 of said statutes.

Assuming, then, that Oregon is Indian country, so far as the charge in this indictment is concerned, it becomes material to inquire whether this clause, "except an Indian in the Indian country"—should have been negatived in the indictment. The general rule is, that when there is an exception in the enacting clause, the indictment must show that the defendant is not within it. 1 Bish. Cr. Proc. § 375 et seq.; 1 Whart. Cr. Law, § 379; 1 Chit. Cr. Law, 284; U. S. v. Pond [Case No. 16,067]; Dawson v. People, 25 N. Y. 399; Rex v. Stone, 1 East, 639; Rex v. Earnshaw, 15 East, 456.

Is this exception within the enacting clause of section 2139 supra? It is hardly contended that it is not, and I think there can be no doubt but that it is. It is a part of the clause which defines the offense, or the person who may commit it. By reason of it, the description of the offense is so limited, that as to "an Indian in the Indian country," the act of disposing of spirituous liquor to an Indian is not a crime. In other words, such act is not a crime unless done by a person other than "an Indian in an Indian country;" and so it must appear from the indictment that the defendant is a person other than such an Indian. The familiar case under the statutes making it a crime to sell spirituous liquor without license or special tax therefor is in point. The qualifying clause in regard to the license or tax is considered an essential part of the description of the offense, and an indictment under the statute which should fail to show that the selling was done by a person without a license or who had not paid the special tax, would be insufficient.

It has also been suggested that the exception in section 2139, supra, extends to the offense as well as to the offender—to the act of disposing of the liquor as well as to the person disposing of it. This construction would divide the exception into two separate and independent clauses, the first one, "an Indian," qualifying the word "person" in the phrase "every person;" and the second one, "in the Indian country," qualifying the following part of the sentence or the verbs "sells, exchanges," etc., or the word "Indian" following them. Upon this theory of the purpose of the act the sentence is very awkwardly and ungrammatically constructed. If the second clause was inserted in the sentence for the purpose of limiting its operation to cases where the liquor is sold to an Indian "in the Indian country," it should have been placed after the word "Indian" in the third line of the sentence, so that it would read: "Every person, except an Indian, who sells, exchanges, gives, barters or disposes of any spirituous liquors or wine to any Indian in the Indian country * * * shall be punishable," etc.

But according to what I consider the proper construction of the sentence, these qualifying clauses are now naturally and properly placed therein. The first one, "except an Indian," as has been said, qualifies the word "person" in the preceding phrase "every person." The universality of this phrase is thus limited, so that it shall not include "an Indian," and so far an Indian cannot commit a crime by disposing of liquor to another Indian. The same result, so far as Indians are concerned, might have been accomplished by enacting—"Every white person who sells," etc.

As this provision stood in section 20 of the act of June 30, 1834, as amended by act of March 15, 1864 (13 Stat. 29), this exception concerning Indians was not in it. The phrase "every person" was used without qualification. Accordingly, this court in U. S. v. Shaw Mux [Case No. 16,268], held that the word "person," as therein used, included an Indian, and therefore he could be punished for disposing of liquor to another Indian in charge of an Indian agent. It may be that this clause was inserted in the sentence by the revisers on account of that decision.

The second clause of the exception, "in the Indian country," was evidently added for the purpose of qualifying and restraining the first one, so that "an Indian" simply is not excepted from the phrase "every person," but only "an Indian in the Indian country." Neither of these clauses has any relation to the offense but only to the persons who may commit it. The general policy of the law being as shown by section 2146, Rev. St., to leave the conduct of Indians in the Indian country as between themselves, to the tribal law, the second exception which limits the first one so that only Indians in the Indian country are excluded from the operation of section 2139, supra, is in harmony with such policy. But as to Indians not "in the Indian country," the effect is to leave them within the purview of the section and punishable for any violation of it.

Besides, the qualifying clause as to the offense—that the Indian to whom the liquor is

disposed must be "under the charge of an Indian superintendent or agent," shows plainly that the intent of the law-maker was to make the act of disposing of liquor to an Indian a crime, without reference to the fact of the place of disposal, provided the Indian was at the time under the charge of an Indian agent. This qualifying clause was first introduced into section 20 of the act of 1834, supra, by the act of 1862 (12 Stat. 339). The effect of it was to limit the operation of the section, so far as the disposition of liquor to Indians is concerned, to the Indians under the charge of a superintendent or agent, whether within or without the Indian country. U. S. v. Shaw Mux, supra. In this condition of the section it was held by the supreme court in U. S. v. Holliday, 3 Wall. [70 U. S.] 416, that it was a crime to sell liquor "to Indians under charge of a superintendent or agent, wherever they might be."

The compilers of the Revised Statutes have preserved this radical change, which made the criminality of the act of giving liquor to an Indian depend upon his being under charge of an agent. and not the character of the country where it took place, but added the qualification, "except an Indian in the Indian country," which excludes such Indians, and only such, from the category of persons who may commit the crime. In effect, this exception restores the qualification made to section 20, supra, by section 3 of the act of March 27, 1854 (10 Stat. 270), which provided that nothing contained in said section should "extend to any Indians committing said offenses in the Indian country." U. S. v. Shaw Mux, supra.

The demurrer in this respect is well taken. It is also well taken upon the second ground. Every indictment must allege a day and a year certain on which the offense was committed. 1 Bish. Cr. Law, § 239. This is the common law rule. The Code of Criminal Procedure of this state, which has been adopted by this court as a rule of practice, does not change the law. On the contrary, the form of an indictment given in section 70, indicates an absolute averment as to the time of committing the offense. An allegation that a crime was committed "on or about" a certain day. does not show but that the action is barred by lapse of time.

The demurrer must be sustained.