## THE PEOPLE v. PHILLIP FLOCK.

### Criminal law—Pleading—Variance—Embezzlement—Evidence.

1. A motion to quash the information in an embezzlement case, because of an alleged variance between it and the complaint and warrant, in that the information alleges that the offense was committed "on" a certain date, while the complaint and warrant allege that it was committed "on or about" said date, is properly denied.

2. On the trial of a township treasurer for embezzlement, the record required by How. Stat. § 739, to be kept by the township clerk, showing the amount charged as received by the respondent from his predecessor, and the other items of his receipts and expenditures during his term of office, is competent evidence; and if it further appears that said record and said items were before the township board and the respondent when settlements were made with him, and that he was

satisfied with the account, except one item, which was allowed him, the testimony, taken together, is sufficient to establish the receipt of the money charged in the account as having been received by the respondent from his predecessor, and the other items charged against him in the settlement.

Exceptions before judgment from Midland. (Hart, J.) Argued April 25, 1894. Decided June 2, 1894.

Respondent was convicted of the crime of embezzlement. Conviction affirmed; the record to be remanded, with direction to proceed to judgment, if sentence has not been imposed. The facts are stated in the opinion.

*William D. Gordon*, for respondent.

*A. A. Ellis*, Attorney General, for the people.

GRANT, J. The original complaint and warrant charged the respondent, the treasurer of the township of Edenville, with the embezzlement of $562.32 on or about the 2d day of January, 1891. The respondent waived an examination before the justice, and entered into a recognizance for his appearance in the circuit court for trial. An information was filed, which, upon motion in behalf of the respondent, was quashed. By leave of the court, an amended information was filed, and a motion to quash it was overruled. Upon the refusal of the respondent to plead thereto, a plea of not guilty was entered. Upon the trial, the respondent introduced no evidence, and was found guilty of the embezzlement of $425.32.

1. The first point is that the court erred in not quashing the information because it did not agree with the complaint and warrant, in that they alleged the offense to have been committed " on or about " January 2, while the amended information alleged that it was committed " on " January 2. We think there is no force in the position.

The offense alleged in the complaint, warrant, and information is identical. The time, by the information, is definitely fixed. The same date was also mentioned in the complaint. The respondent could not have been prejudiced. The point is too technical to require further comment.

2. Error is alleged in the admission of the record kept by the township clerk, showing the amount charged as received by respondent from his predecessor, and other items of receipts and expenditures by him during his term of office. This record is required to be kept by the clerk. How. Stat. § 739.[1] It was not conclusive upon the respondent, and was open to explanation. The township board is required to settle with the treasurer, and the clerk is required to keep a record of such settlement. Id. §§ 747–749. It appears, also, that the books themselves and the items were before the town board and the respondent when settlements were made with him. Members of the board testified that he was satisfied with the account, except one item, which, it appears, was allowed him. The testimony, taken together, was sufficient to establish the receipt of the money charged in the account as having been received from his predecessor, and the other items charged against him in the settlement.

3. The record in this case does not purport to contain all the evidence, and is very unsatisfactory. It is difficult, as is conceded by the Attorney General, to determine the actual state of the account between the respondent and the township. He kept no accounts himself, and the treas-

---

[1] How. Stat. § 739, provides that the township clerk " shall open and keep an account with the treasurer of his township, and shall charge such treasurer with all funds which shall come into his hands by virtue of his office, and shall credit him with all moneys paid out by him on the order of the proper authorities of the township, and shall enter the date and amount of all vouchers in a book kept by said clerk in said office."

urer's book, which was produced in evidence, showed that, during his term, he made not a single entry thereon of either receipts or disbursements. There is enough, however, from which we can find that, at the time of the settlement, he had in his hands $1,373.17, and that he turned over to his successor $947.85, leaving a deficit of $425.32.

Upon the record as it is, we find no error, and the conviction is affirmed. It does not appear whether sentence has been imposed. If it has not, the record will be remanded, and the court below directed to proceed to judgment.

The other Justices concurred.