KENNEDY et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. March 16, 1925.)

No. 4460.

1. Criminal law ⟨⟝⟩369(6)—Evidence of sale of beer held competent under indictment charging sale and possession of whisky and maintenance of common nuisance.

Under indictment charging possession and sale of whisky on various dates and maintenance of common nuisance, evidence that beer was sold on one of days when sale of whisky was alleged *held* competent as tending to show maintenance of place where intoxicating liquor was sold.

2. Criminal law ⟨⟝⟩459—Testimony of witness as to alcoholic content of beer based on its taste held admissible.

Testimony of prohibition agent, who was long familiar with taste of beer and experienced in testing its alcoholic content, that beer purchased and tasted by him contained alcoholic content of over $1\frac{1}{2}$ per cent. by volume, *held* admissible and entitled to such weight as jury saw fit to give it.

3. Witnesses ⟨⟝⟩379(8)—Offer to show, as grounds for impeachment, that witness had previously described a party defendant differently from what he actually appeared on trial, held properly excluded.

Where defendants' counsel after state's witness had identified defendants, as grounds for

impeachment, offered to show that on previous occasion such witness had described a defendant on trial differently from what he appeared, court properly excluded such testimony on ground that there was nothing to show how such person had appeared at time of trial.

**4. Intoxicating liquors ⚖═236(6½, 11)—Evidence held sufficient to sustain conviction for possession and sale under particular counts, and insufficient as to other counts.**

Evidence *held* sufficient to sustain conviction of particular defendants for sale and possession of whisky on particular dates covered by different counts of indictment, and insufficient to sustain conviction as to other dates covered by different counts of indictment.

**5. Criminal law ⚖═1209—Intoxicating liquors ⚖═139, 146(1)—Defendants held chargeable with offenses of both possession and sale.**

Where keeper of dance hall and saloon kept quantities of whisky and beer on hand, which from time to time were sold by his employees to frequenters of the place, *held*, such keeper and employees were chargeable with offenses of both possession and sale of intoxicating liquor, and punishment for both offenses does not constitute double punishment.

**6. Criminal law ⚖═1211—Conviction for several offenses under different counts of same indictment should each be regarded as first offense.**

Where defendants were convicted for sales of whisky on various dates under separate counts of indictment, each charging sale on particular date, *held*, each conviction should be regarded as a first offense under National Prohibition Act, tit. 2, § 29 (Comp. St. Ann. Supp. 1923, § 10138½p).

In Error to the District Court of the United States for the District of Nevada; Edward S. Farrington, Judge.

James H. Kennedy and Ole Johnson were convicted of violations of National Prohibition Act, and they bring error. Reversed and remanded, with directions.

John F. Kunz, of Reno, Nev., for plaintiffs in error.

George Springmeyer, U. S. Atty., and Chas. A. Cantwell, Asst. U. S. Atty., both of Reno, Nev., and George A. Whiteley, Asst. U. S. Atty., of Carson City, Nev.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Kennedy and Johnson were convicted under eleven counts of an information charging violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The first, third, fifth, seventh, and ninth counts charged possession of whisky on May 1st, 6th, 7th, 8th, and 12th, respectively. The second, fourth, sixth, eighth, and tenth counts charged sales of whisky on May 1st, 6th, 7th, 8th, and 12th, respectively. The eleventh count charged maintenance of a common nuisance, a place called the Big Casino Caberet, in Tonopah, Nev.

[1, 2] Error is assigned upon the admission of the testimony of a prohibition agent that he bought beer from defendant Johnson in the premises on May 1, 1923. Inasmuch as the evidence was that the beer was sold on one of the days that whisky was sold, the evidence was competent as tending to show that defendants maintained a place where intoxicating liquor was sold. Further ground for objection was that no chemical test was made of the beer purchased in the place described in the information. The prohibition agent testified that the beer contained over one-half of 1 per cent. alcohol by volume; that he had had several months' experience in testing beer and that he knew the taste of it; that he had often made tests with an ebullioscope; and that although he had not made a test of the beer bought at defendant's place, he knew by swallowing some of it that it contained more than one-half of 1 per cent. alcohol. The opinion of one who is long familiar with the taste of beer, and who has had experience in testing it, may be competent upon the question whether beer that he has tasted and seen contains more than one-half of 1 per cent. alcohol. Evidence by way of scientific analysis is ordinarily entitled to much more credit, but chemical analysis is not the only competent evidence of alcoholic content. We believe the testimony was admissible and entitled to such weight as the jury saw fit to give it. Lewinsohn v. United States (C. C. A.) 278 F. 421.

[3] Exception was preserved to the ruling sustaining objections to parts of the cross-examination of a prohibition agent. After witness, at defendants' request, identified the several defendants, counsel for defendant for laying ground for impeachment offered to show that on a previous occasion at Reno on September 24, 1923, the witness testified and described Clifford, a defendant on trial but not a party herein, as appearing differently from the Clifford on trial. Counsel for the government objected on the ground that no foundation was laid for impeachment as there was nothing to show what Clifford's appearance was at the time of the trial and that it was not proper cross-examination. The court sustained the objection, saying: "I think you could do that with reference to me; we dress differently at one time from another; people wear their

hair differently." Defendant excepted, whereupon the court said: "There must be some definite showing. You can call him back after you put in your testimony if it is proper at that time." Defendant's counsel failed to call the witness back or to make any definite statement. We fail to see how either defendant was prejudiced.

[4] Reversal is urged upon the ground that the verdict is not supported by any evidence as against Johnson under counts 3, 4, 7, 8, 9, and 10. There was evidence which supports the verdict against Johnson under the third and fourth counts. It showed that Johnson, who was an employee in the place, was in the dance hall and saloon of which Kennedy was a proprietor, waiting upon other customers when whisky was sold as charged. There is evidence, too, that Johnson had whisky in his possession and sold some on the 7th of May as charged in counts 5 and 6; but as to the dates included in counts 7, 8, 9, and 10, the only evidence against Johnson was that whisky was bought in the place from persons other than Johnson, and that "the other defendants" were present on the night of the 8th, although on the 12th they were not present. We are therefore of the opinion that the conviction of Johnson under counts 7, 8, 9, and 10 must be set aside as not sustained by evidence. The evidence was sufficient under all counts as against Kennedy, the proprietor.

[5, 6] It is said that the sentences for possession and sale cannot stand because the evidence of sales was also relied upon to prove possession, and that punishment on both counts constitutes double punishment for the same act. In Miller v. United States (C. C. A.) 300 F. 529, cited by plaintiffs in error, the act of possession relied upon was merely a temporary possession necessarily incidental to the sale. Therefore it was held that the conviction of possession should be set aside, and that mere possession under the facts should, for the purposes of sentence, be merged in the offense of having made the sale. Here, however, the evidence is that defendant Kennedy kept a dance hall and saloon with quantities of whisky and beer on hand, and from time to time his employees sold small quantities to persons who frequented the place. Under such circumstances, the act of possession may be regarded as distinct from that of sale. Counsel for the government admit that the court was in error in sentencing defendants to imprisonment and fine under sales counts 2, 4, 6, 8, and 10, as each conviction under those

counts should be regarded as a first offense. Section 29, title 2, National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½p).

Our conclusion is that the judgment of the District Court must be reversed and the cause remanded, with directions to enter judgment on the verdict of the jury as the acts of Congress provide, and as the views herein expressed indicate.

Reversed and remanded.