STATE OF WEST VIRGINIA *v.* I. S. CLINE

(No. 9378)

Submitted October 20, 1942.   Decided November 17, 1942.

64

G. L. *Counts* and *D. L. Auvil,* for plaintiff in error.

*William S. Wysong,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for defendant in error.

LOVINS, JUDGE:

I. S. Cline was indicted for a felony by a grand jury in McDowell County, the indictment charging that Cline was convicted, fined and sentenced to confinement in the McDowell county jail, in October, 1939, by the Criminal Court of McDowell County, upon an indictment for carrying a revolver without a license, and, further, that Cline committed the same offense in June, 1941. After a demurrer to and motion to quash the indictment had been overruled, a jury trial was had upon the defendant's plea of not guilty, which resulted in a verdict of guilty "as charged in the indictment". To the judgment of the criminal court overruling a motion to set aside the verdict and sentencing Cline to confinement in the state penitentiary for a term of one to five years, Cline petitioned for a writ of error in the Circuit Court of McDowell County. The circuit court found no error in the judgment of the criminal court and affirmed the same as plainly right.

It appears from the record that Cline had a pistol in his possession on the evening of June 23, 1941, when he engaged in an altercation with Vivian Keaton. Cline does not deny the fact that he had no license to carry a revolver. He testified that, as Justice of the Peace for Sandy River District in McDowell County, the pistol came into his possession in connection with a shooting affray some months prior to the altercation herein involved, and that he had kept the same in his office until the evening in question, when he was taking it home for safekeeping because a window had been broken out of his office. Cline states that Keaton "raised a racket" with him when he was

on the way to his home and the pistol made its appearance in the ensuing struggle. Keaton testified that Cline struck him with the gun, while Cline says that it fell from his belt when he hit Keaton with his fist. The statute upon which this prosecution was based contains no provision that the carrying of the pistol must be with unlawful intent. *State* v. *Edgell*, 94 W. Va. 198, 118 S. E. 144. Therefore, we believe it was the jury's province to weigh the facts and circumstances presented as to the possession of the pistol and to render its verdict accordingly.

Code, 61-7-1, provides that a person who carries about his person a pistol without a state license therefor shall be guilty of a misdemeanor, and upon second conviction for the same offense in this State, such person shall be guilty of a felony. Obviously, the indictment herein was drawn under the terms of this statute and plaintiff in error asserts that the demurrer thereto should have been sustained because it does not allege specifically that the carrying of the pistol in June, 1941, was a second offense. We do not believe this point to be well taken for the reason that the indictment fully apprised the defendant therein of its purpose and the facts to be established, for, as previously stated, it referred specifically to the prior conviction as well as the subsequent offense. In this connection, we believe the principles announced in *State* v. *Goldstrohm*, 84 W. Va. 129, 99 S. E. 248, are applicable, although the indictment in that case was based upon the statute relating to the second offense of felony. (Code, 61-11-18). It is true that the statute here involved makes it the duty of the prosecuting attorney to ascertain whether the charge of the grand jury is the first or second offense, and, if it be the second offense, "it shall be so stated in the indictment returned". However, where, as in this case, an indictment sets forth in terms the indictment for the first offense, alleges the conviction and sentence of the defendant thereunder and continues with the allegation "that after said conviction and sentence" the defendant committed the same offense, describing it in the statutory language, as used in the prior indictment, we believe that compliance with the statutory requirement mentioned is

apparent. To such an indictment the addition of words describing the grand jury's charge as a second offense would in no manner serve to advise the defendant of a fact or facts not already set forth therein.

The statute (Code, 61-7-1) also calls upon the prosecuting attorney to "introduce the record evidence before the trial court of such second offense." Plaintiff in error argues that this provision called for introduction in evidence at this trial of an order showing the empaneling of the October, 1939, grand jury and an order showing the return of the indictment, in addition to the indictment itself and the order showing conviction and sentence, which were introduced.

The use of the term "record evidence * * * of such second offense" in the statute is somewhat misleading. Properly speaking, the second offense is the one last occurring chronologically, which brought about the immediate indictment and which must, of course, be proved beyond a reasonable doubt by proper evidence and testimony introduced before the jury. In the phrase just quoted "second offense" apparently means the prior conviction, for there could be no "record evidence" of the later offense. In order to establish the fact "by record evidence" that the defendant had been formerly convicted, we believe it suffices, under the provisions of Code, 61-7-1, to produce the indictment and the order showing the conviction and sentence, which procedure was followed here.

We have recently been called upon to consider a similar question arising under our Habitual Criminal Law (Code, 61-11-19, as amended by Chapter 26, Acts, 1939), as to the amount of proof necessary to show a prior conviction or convictions. In the cases of State v. Stout, 116 W. Va. 398, 180 S. E. 443, and State v. Lawson (decided November 4, 1942), 125 W. Va. 1, 22 S. E. 2d 643, we endeavored to point out the prejudicial effect of overemphasizing a prior conviction and have sought to eliminate all elements of proof which go beyond the establishment of the identity of the accused and the fact of the conviction, especially where there is no denial of either fact. We believe the

same rule should apply in a prosecution under Code, 61-7-1, and, therefore, since record evidence was introduced in this case showing that accused had been indicted and convicted in 1939 of the same charge, the requirements of the statute were met, and it would be useless, if not prejudicial to defendant, to further emphasize the fact of his former conviction by the introduction of other portions of the record pertaining thereto.

The accused strongly contends that the trial court committed prejudicial error in giving the following instruction at the instance of the State over objection of defendant:

> "The Court instructs the jury that if you believe beyond all reasonable doubt, from the evidence in this case, presented both on behalf of the State of West Virginia and the defendant, that I. S. Cline, on the 23rd day of June, 1941, in the County of McDowell, State of West Virginia, carried on or about his person a revolver or pistol, without first being licensed so to do as required by law, and not being otherwise exempted, that you shall find him guilty as charged."

This was the only instruction tendered on behalf of the State, and it will be observed that it is binding and defines conduct which under Code, 61-7-1, constitutes a misdemeanor, yet it tells the jury that if they believe the factual premises that they shall find defendant guilty as charged. On reference to the indictment, it is seen that the accused is charged with a felony. The vital element of prior conviction of Cline, which was necessary to make the act of Cline a felony under the statute, was omitted.

Believing that it was prejudicial error to give the instruction herein discussed, we reverse the judgments of the Circuit and Criminal Courts of McDowell County, set aside the verdict, and remand the case for a new trial.

*Judgments reversed; verdict set aside; new trial awarded.*