STATE OF WEST VIRGINIA *v*. GEORGE W. CRISS

(No. 9338)

Submitted October 20, 1942. Decided December 15, 1942.

*John C. Southern,* for plaintiff in error.

*William S. Wysong,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for defendant in error.

ROSE, JUDGE:

Upon a conviction of grand larceny, accompanied by a finding that he had twice before been sentenced to the penitentiary in the United States, the Criminal Court of Harrison County sentenced George W. Criss to the penitentiary for life. The Circuit Court of that county declined to review the case, and we granted this writ of error.

The indictment charged that the defendant "George W. Criss, alias George LeMarr, alias T. H. Mitchell, alias

Joseph Harry Mitchell" had been theretofore, in the United States, indicted, arraigned, tried, convicted and sentenced on three prior felonies, following which he, on the _____ day of February, 1941, in the County of Harrison "one reel of approximately three hundred feet of No. 2 parallel duplex wire cable wound on simplex wood reel of the approximate value of Fifty Dollars, ($50.00), of the goods, chattels, effects and property of Consolidation Coal Company, a corporation, unlawfully and feloniously did steal, take and carry away, * * *."

To this indictment, the defendant interposed a demurrer based on eleven grounds, and at the same time filed a motion to quash the indictment, assigning the same grounds. Both the demurrer and motion to quash were overruled. After the denial of a motion for a continuance, a trial to a jury was had, resulting in a verdict of "guilty as charged in the within indictment". A motion to set aside the verdict, assigning eighteen grounds, and a motion in arrest of judgment based upon three grounds, were made and overruled, and the defendant was sentenced to the penitentiary for the term of his natural life.

An application made to the Circuit Court of Harrison County for a writ of error, assigning eleven grounds, was denied, after which, in a petition to this Court, based on fifteen alleged errors, the case was brought here on writ of error. Of this multitude of assigned errors strewn throughout the record, most appear to have been abandoned, some insisted upon seem without merit, but others require serious consideration.

It is at once apparent that there must be a reversal in this case. The record before us discloses that upon the trial, copies of the former indictments in Webster County and in New Mexico were read to the jury. This alone constitutes reversible error. *State* v. *Stout,* 116 W. Va. 398, 180 S. E. 443. Also, instruction No. 1, given on motion of the State was as follows:

"The Court instructs the jury that if you believe by all the evidence in this case, beyond a reasonable doubt, that the defendant, George W. Criss,

at the time and place mentioned in the evidence, either alone or with Claude R. Rice, stole, took and carried away the reel of wire and spool mentioned and described in the evidence and belonging to the Consolidation Coal Company, a corporation, and if you further believe, beyond a reasonable doubt, that said property was of a greater value than $20.00, then you should find the defendant, George W. Criss, guilty as charged in the indictment in this case."

This was equally erroneous, since it did not require a finding that the defendant had been previously sentenced to the penitentiary in the United States in order to return a verdict of "guilty as charged in the indictment in this case." *State* v. *Cline*, 125 W. Va. 63, 22 S. E. 2d 871, decided November 17, 1942. But more fundamental questions are raised.

At the threshold of the case stands the indictment, the sufficiency of which is duly challenged. It purports to charge, not only a present offense of grand larceny, but also to assert that the defendant had theretofore been convicted of three other felonies within the United States as follows: (1) In 1924, in the United States District Court of New Mexico for the transportation of a stolen motor vehicle in interstate commerce, to which he is alleged to have pleaded guilty, and on which he was sentenced to the penitentiary for two years; (2) in 1926, in the Circuit Court of Webster County, West Virginia, for bank robbery, on trial and conviction for which, he was sentenced to the penitentiary for twenty-five years; and (3), in the District Court of the County and City of Denver in the State of Colorado, for armed robbery, to which he pleaded guilty and was sentenced to the penitentiary of that State for a period not exceeding life nor less than ten years.

The indictment contained a purported copy, in *haec verba,* of each of these three former indictments, together with the substance of the subsequent orders showing arraignment, trial, conviction and sentencing. The setting out in full in the present indictment of these former indictments is assigned as error.

This form of indictment has been subject to the strongest disapproval by this Court, but has never been definitely held to be bad. The statute on which it is based does not require this degree of elaboration and emphasis of the former convictions. The statute is as follows:

(18) "When any person is convicted of an offense, and sentenced to confinement therefor in the penitentiary, and it is alleged in the indictment on which the person is convicted, and admitted, or by the jury found, that the person had been before convicted in the United States of a crime punishable by imprisonment in a penitentiary, the court shall, if the sentence to be imposed is for a definite term of years, add five years to the time for which the person is or would be otherwise sentenced. Whenever in such case the court imposes an indeterminate sentence, five years shall be added to the maximum term of imprisonment otherwise provided for under such sentence."

(19) "When any such convict shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life. But before such sentence may be lawfully imposed, it must be alleged in the indictment on which the person is convicted, and admitted, or by the jury found, that such convict had theretofore been twice so convicted."

Code, 61-11-18, 19, as amended by Chapter 26, Acts of the Legislature of 1939.

Nothing is said in this statute of the previous indictment. Only the conviction is mentioned. Then why plead matters in addition thereto? The sole purpose of alleging and proving a former conviction is for the purpose of presenting facts upon which the court may determine the length of the present sentence. The statute requires nothing whatever but the fact of the former conviction to be included in the indictment. The proceedings prior to the conviction will be presumed regular. In *State* v. *Stout, supra,* in dealing with an indictment of this character, we

said, speaking through Judge Kenna: "Neither was it necessary to spread the entire former indictment in the indictment being tried", although the actual reversal in that case was on the specific ground of the reading of copies of the former indictment to the jury. It is difficult to perceive why the reading of the indictment being tried and the taking of it to the jury room would not be equally prejudicial, if it contains unnecessarily a copy in full of the former indictments. Nothing should be included in the indictment except what the statute authorizes.

But what was the defendant's remedy? He resorted to a demurrer and a motion to quash. He claims, not that the indictment did not contain sufficient allegations, but that it included too many. In general, the remedy in such cases is to treat the excessive allegations as surplusage. *State v. McClung*, 35 W. Va. 280, 13 S. E. 654; *State v. Hall*, 26 W. Va. 236, or to strike the superfluous details from the indictment, rather than to quash the indictment, *Wright v. Commonwealth*, 109 Va. 847, 65 S. E. 19. But the complaint here is not to the mere legal effect of the "surplusage" and unnecessary allegations in the indictment, but is based on the prejudice inevitably resulting to the defendant by the physical presence in the indictment of the superfluous allegations. The striking and actual deletion of the objectionable language from the indictment would have remedied the evil complained of. But no such motion was made, a demurrer and a motion to quash being interposed instead. We are of the opinion that the extreme remedy of holding the indictment for naught is not justified.

It is further urged that the indictment is fatally defective by reason of its alleging the stolen property to be "of the approximate value of Fifty Dollars, ($50.00)." We consider this position well taken. All facts necessary to be shown in an indictment for felony must be stated positively, definitely, accurately and absolutely, and not loosely, argumentatively, or by way of deduction or of probability, however high. As a matter of pleading, as distinguished from merely conversational English, the words "approximate value of Fifty Dollars" no more ex-

press "twenty dollars or more" of value required to constitute grand larceny, Code, 61-3-13, than would a statement that it was of the "approximate" value of thirty, twenty-five or twenty-one dollars. Centuries of practical experience in the administering of criminal justice long ago brought common law judges to the universal conclusion that extreme and meticulous accuracy is indispensably necessary in charging one with a crime by which he may forfeit his liberty, or even his life. We are not disposed to approve any relaxation of this beneficent standard. If the property alleged to have been stolen is of the value of fifty dollars, let the indictment so state without equivocation, indirection or vague generalities. Value stated as "approximate" to any amount does not meet this requirement of criminal law pleading.

We are cited to, and have found, no case on this question except *People* v. *Peltin,* 1 Cal. App. 612, 82 P. 980, in which the court held valid an indictment for grand larceny in which the value of the stolen property was laid as "about eighty dollars". We are not satisfied with the summary consideration of the question in the opinion in that case, and cannot agree with the court's conclusion.

We find, however, cases dealing with the indefinite expression "on or about", when used in an indictment in relation to time. Generally, this expression is held to be fatal to the indictment, where the statute of limitation may be involved, or the date is otherwise material. *United States* v. *Winslow,* 28 Fed. Cas. 737; *Morgan* v. *State of Florida,* 51 Fla. 76, 40 So. 828, 7 Ann. Cas. 773; *State* v. *Baker,* 34 Me. 52; *Territory* v. *Armijo,* 7 N. M. 571, 37 P. 1117; *State* v. *Thompson,* 10 Mont. 549, 27 P. 349. The opposite conclusion is reached where the exact date cannot be material, or statutory regulations provide otherwise. *Benson* v. *State,* 128 Tex. Cr. Rep. 72, 79 S. W. 2d 122; *State* v. *Harp,* 31 Kan. 496, 3 P. 432; *People* v. *Flock,* 100 Mich. 512, 59 N. W. 237; *State* v. *McDonald,* 16 S. D. 78, 91 N. W. 447. No reason appears why the same logic should not apply to the word "approximate", when used in connection with value in an indictment for larceny where the value is material in determining the degree of the offense.

The assigned error based on the denial of a continuance, of course, is now immaterial, as is also that arising from permitting the jury to take to their room the indictment on which the trial was had, and that based on the finding of the defendant "guilty as charged in the within indictment", when, in fact, only two of the former sentences had been proven.

The judgments of the Circuit and Criminal Courts of Harrison County are reversed, the verdict set aside, the demurrer and motion to quash sustained, and the case dismissed.

*Reversed and dismissed.*