91 So.2d 809 (1956)
G.A. WINSTEAD, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. Special Division A.
November 28, 1956.
Rehearing Denied January 22, 1957.
*810 Liddon, Isler & Welch, Panama City, and Marion B. Knight, Blountstown, for appellant.
Richard W. Ervin, Atty. Gen., and Joseph P. Manners, Asst. Atty. Gen., for appellee.
HOBSON, Justice.
Defendant, a medical doctor, appeals from judgment entered consequent upon a verdict of guilty as charged, the information having consisted of three counts of prescribing narcotic drugs not in good faith and not in the course of professional practice. The principal witness for the State was one Betty Coleman, for whom appellant was alleged to have prescribed the narcotic drugs. We have studied the record at length and find therein testimony by Mrs. Coleman from which the jury was authorized to believe beyond a reasonable doubt that defendant thrice prescribed narcotics for this witness under circumstances demonstrating that such prescriptions were not in good faith and not in the course of his medical practice. We are, therefore, of the opinion that the appellant's contention that the evidence is insufficient is not well taken, and that the trial court was not in error in denying the motion made by the defense for a verdict of not guilty.
At the trial the witness Sapp, a state narcotics officer, was permitted to testify over objection that he had had a conversation with the appellant in the course of which appellant admitted that he had prescribed narcotics for a person other than the complaining witness, but that this person did not know of the prescription and that he (appellant) had taken the narcotics himself. We are referred by appellant to the familiar general rule that evidence of the commission of a crime independent of that for which the accused is on trial is inadmissible, Boyett v. State, 95 Fla. 597, 116 So. 476; Thomas v. State, 132 Fla. 78, 181 So. 337; Suarez v. State, 95 Fla. 42, 115 So. 519. Since, however, it was shown by the testimony of Mrs. Coleman that appellant had caused part of the drugs which he prescribed for her to be administered to himself, and this testimony was certainly relevant as tending to prove the absence of good faith in the prescription of the drugs, the testimony of Sapp does not fall within the general rule stated above but comes within the exception thereto, to the effect that evidence of other crimes is admissible to show a common scheme or plan. Talley v. State, 160 Fla. 593, 36 So.2d 201. The jury could have inferred that appellant's plan was to prescribe drugs for others for the purpose of taking at least a portion of them himself. We find no error upon this aspect of the case.
It is next contended by appellant that it was error for the trial court to admit in evidence testimony of the complaining witness as to her sexual relations with appellant. Here again this testimony was relevant for its bearing upon the course of conduct of the appellant, and, in turn, upon the vital issue of his purpose in prescribing narcotic drugs for this witness. It was shown that the relationship between the parties went far beyond the ordinary course of medical practice. Although this testimony undoubtedly influenced the jury, its relevancy to a principal issue in the case suffices to render it unobjectionable.
Appellant next urges that the trial court erred in refusing to give a charge requested by the defense to the effect that the fact appellant might himself have taken a portion of a narcotic prescription at a subsequent time would have no bearing upon his guilt or innocence of the offense of prescribing narcotic drugs not in good faith and not in the course of his professional practice if, at the time of prescribing, appellant prescribed same in good faith and in the course of his professional practice. We have reviewed the charges given in this case and, while this requested charge was not specifically included therein, the whole charge must have made it clear to the jury that the critical time for their consideration under the statute was the time of prescribing the drug. It is plain, however, that the taking by the doctor of a portion *811 of the drug prescribed would have a definite bearing upon the issue of absence of good faith at the time of prescribing the drug. The requested charge might have confused the jury, in that it might have caused them to think the complaining witness' testimony that appellant took a portion of the prescription should be entirely eliminated from their consideration. Accordingly, we find no error on the part of the trial court in refusing this charge.
Finally, appellant contends, and the State concedes, that the sentence given herein was improper and must be set aside. F.S. § 398.22, F.S.A., provides that for violation of the narcotics law a first offense shall be punished by imprisonment for not less than two nor more than five years, or by a specified fine; for a second offense, imprisonment for not less than five nor more than ten years and a specified fine; and for a third or subsequent offense imprisonment for not less than ten nor more than twenty years and a specified fine. The information, as aforesaid, was in three counts, on each of which appellant was found guilty. The record, however, does not show any prior convictions. Appellant was sentenced to five years imprisonment for the first count, ten years for the second count and ten years for the third count, all sentences to run concurrently. Although each count was a crime, and appellant was therefore properly convicted of three separate crimes, each crime must be regarded as only a "first offense" within the meaning of F.S. § 398.22, F.S.A., supra. In Holst v. Owens, 5 Cir., 24 F.2d 100, 101, the United States Court of Appeals for the Fifth Circuit stated in part:
"It cannot be legally known that an offense has been committed until there has been a conviction. A second offense, as used in the criminal statutes, is one that has been committed after conviction for a first offense. Likewise, a third or any subsequent offense implies a repetition of crime after each previous conviction."
See also Kennedy v. U.S., 9 Cir., 4 F.2d 488; State v. Cline, 125 W. Va. 63, 22 S.E.2d 871; and Carey v. State, 70 Ohio St. 121, 70 N.E. 955.
It follows that the appellant in the instant case was improperly sentenced under counts two and three of the information, because he could, under F.S. § 398.22, F.S.A., be sentenced for no more than five years upon each count. The judgment appealed from must, accordingly, be reversed and the cause remanded for entry of a proper sentence. In all other respects the judgment is affirmed.
It is so ordered.
DREW, C.J., THORNAL, J., and GILLIS, Associate Justice, concur.