**UNITED STATES of America**

v.

**EASTERN AIR LINES, INC.**

**No. 11532-M-Cr.**

United States District Court
S. D. Florida,
Miami Division.

Oct. 26, 1961.

Harold L. Russell, Atlanta, Ga., and Charles Moon, Miami, Fla., for Eastern Air Lines, Inc.

E. Coleman Madsen, U. S. Atty., Miami, Fla., and John Drury, Legal Division, Bureau of Enforcement, Civil Aeronautics Bd., Washington, D. C., for the United States.

RAO, Judge (sitting by designation).

This case was tried before me in Miami, Florida in November, 1960. In the decision rendered subsequent thereto, the defendant was found guilty on Counts Numbered 3, 4, 7, 8, 10, 11, 12, 14, 15, 16, 18, 19, 20, and 22, and a fine of $500.00 was imposed for the first offense and then successively, increasingly higher fines were imposed under the remaining counts, each of which was a subsequent offense in point of time to the first.

An appeal from the judgment of conviction was taken to the United States Court of Appeals for the Fifth Circuit. Upon a joint motion to resentence filed by the Eastern Air Lines, Inc., Appellant, and the United States of America, Appellee, in said Court, CCA No. 19137, this hearing has been held to determine whether the fines imposed should be revised.

After reviewing the cases submitted by the United States Attorney in support of the proposition that an increased penalty for a second or subsequent offense cannot be imposed until after a prior final conviction, I have determined that these decisions are not controlling upon the issue of the fines imposed with respect to Counts Numbered 4, 7, 8, 10, 11, 12, 14, 15, 16, 18, 19, 20, and 22 in the present case.

The applicable statute in Smith v. United States, 9 Cir., 41 F.2d 215, Biddle v. Thiele, 8 Cir., 11 F.2d 235, Kennedy v. United States, 9 Cir., 4 F.2d 488, and Singer v. United States, 3 Cir., 278 F. 415 was the National Prohibition Act, 27 U.S.C.A. § 46, which provides as does the statute in the instant case, the Federal Aviation Act of 1958, 49 U.S.C.A. § 1472, for increased penalties for second or subsequent offenses. However, a provision similar to the one in the Prohibition Act specifying that it shall be the duty of the prosecuting officer to plead *prior convictions* is not found in Section 1472. It is this latter provision which apparently led the courts in the cases cited above to find that there can be no second offense under the National Prohibition Act without a prior commission and a conviction. See Biddle v. Thiele and Singer v. United States, supra.

In Gonzales v. United States, 1 Cir., 224 F.2d 431, the court in interpreting 21 U.S.C.A. § 174, relating to narcotics, found that the subsequent offender provision of the statute applied only to offenders who commit subsequent offenses after a conviction following an adjudication of guilt. The statutory provision there involved, specifically provided that an offender shall be considered a second or subsequent offender, as the case may be, if he previously *has been convicted* of any specified narcotics offense. No such requirement of prior conviction is found in Section 1472.

Accordingly, because of the specified provisions of the statutes involved in the above cases which are dissimilar to those of the statute before me, I do not feel constrained by the decisions presented, nor by any other decisions reviewed in this connection, to intrude a requirement of prior conviction into the subsequent offense provision of Section 1472.

Furthermore, unlike the statutes discussed above, Section 1472 specifically provides that if a violation of the pertinent chapter of the statute is a continuing one, as was the violation in the instant case, each day of such violation shall constitute a separate offense. Obviously, the Congress intended by this language to preclude an interpretation that a continuous violation, extending over a period of days, is to be punishable only as a single offense. It is not unreasonable to assume that the Congress intended that any offense, separate and subsequent to the first offense, in a continuous chain, is to be considered as a subsequent offense within the meaning of the provision and subject to increased fines. If a contrary application was intended, provisions similar to those in the statutes discussed above easily could have been included specifying a requirement of prior conviction.

Despite these considerations, however, I have the recommendation of the United States Attorney, who is charged with the

protection of the best interests of the United States and whose function it is to prosecute violators under the Federal Aviation Act, suggesting a downward revision of the fines. Also, the opinion of the Enforcement Attorney of the Civil Aeronautics Board, which issued the cease and desist order complained of in the original action, agrees to the appropriateness of this recommendation. Although, as indicated above, I do not interpret the cases cited as conclusive support of the suggestions made, I am prepared to accept the recommendations of those responsible for the institution and prosecution of this action, because it will save the Government time, expense, and it will be in the best interest of all concerned.

Therefore, it is my opinion, and I direct, that the fines imposed on all counts other than Count 3 shall be revised downward to a sum not exceeding $500 on each of said counts, and the defendant shall have thirty (30) days from the date of this order to pay the said fines.

It is so ordered.