BENJAMIN ALLEN, BENJAMIN BOND, and LEWIS ALLEN,
appellants, *v.* WILLIAM DOWNING, appellee.

*Appeal from Bond.*

In an action upon a promissory note, issue was taken upon the allegations in the
defendants' plea, that the plaintiff agreed with the defendants, that the note was
not to be paid until satisfaction should be entered of record upon a certain mort-
gage mentioned in the plea, and that one Lemon was to enter satisfaction upon
the mortgage, and that the note was executed in consideration of such agree-
ment. A motion was made to continue the cause on account of the absence of
a witness by whom the defendants expected to prove their defence, founded upon
an affidavit that the defence could not be proved so fully by any other witness,
or witnesses; that a subpœna was issued for the witness which was returned
" not found, " but that said witness would have been present at the Court, had
it not been that his son was lying sick, at the point of death, in another county,
where the witness had gone; and that the affiant expected to obtain the atten-
dance of the witness at the next term : *Held,* that the continuance should have
been granted.

A continuance will be granted, where a material witness is absent, whose atten-
dance could not be procured by subpœna, where the cause of his inability to
attend is such that an attachment for contempt of Court would not be issued
against him for failing to obey a subpœna; and in such case, it is immaterial
whether a subpœna has been issued or not.

THIS was an action of *debts* upon a promissory note.

Issue was joined upon the allegations in the defendants' plea, that
the plaintiff agreed with the defendants, that the note was not to
be paid, until satisfaction should be entered of record upon a certain
mortgage mentioned in the plea, and that there was an understand-
ing and agreement that the plaintiff should cause James Lemon to
enter satisfaction upon said mortgage; and that the note was given
in consideration of such agreement.

At the March term, an informal verdict was rendered by the
jury, by consent, and the cause continued. At the September
term, 1840, the Hon. Sidney Breese presiding, the defendant
Benjamin Allen filed his affidavit, stating that " Thomas Stout, of
Bond county, Illinois, is a material witness for him in said cause.
That he expects to be able to prove by said witness, that said
plaintiff agreed with the said defendants, that they should not be
bound to pay the money in said declaration mentioned, until the
said plaintiff had entered satisfaction on the record of a certain
mortgage given by said plaintiff to one James Lemon, upon the
lands for which the note in the said declaration mentioned, was
given. That he cannot prove the above facts so fully by any oth-
er witness or witnesses, and cannot safely go to trial wanting his
testimony. That he caused a subpœna to be issued for said wit-
ness to appear and testify in behalf of defendants, at this term of
this Court. That said subpœna has been returned with an en-
dorsement thereon that said witness could not be found. This de-

ponent states that said witness would have been here, had it not been that his son was lying sick, at the point of death, in Fayette county, Illinois, whither the said witness has gone and still remains;" and that he expects to procure his attendance at the next term of the Court ; and the application is not made for delay, &c. ; — and moved the Court for a continuance of the cause to the next term of the Court. The motion was overruled, and the defendant excepted to the opinion of the Court, and embodied the facts in a bill of exceptions, which was signed and sealed by the Court. The cause was submitted to a jury, who returned a verdict for the plaintiff for $1060. Judgment was rendered thereon, and the defendants appealed to this Court.

J. GILLESPIE, for the appellants.

M. G. DALE, J. SHIELDS, and A. P. FIELD, for the appellee.

SMITH, Justice, delivered the opinion of the Court:

We are of opinion that the facts disclosed on the application for a continuance of the cause, under the peculiar circumstances disclosed by the application, should have induced the Circuit Court to continue the cause.

If the attendance of the witness could not have been procured, on account of the illness of the son of the witness, who was stated, in the deposition of the party, to be at the point of death, then the service of a subpœna in time, would have most probably been of no utility ; — and as the presence of the witness could not reasonably be expected under such circumstances, whether served with process of subpœna or not, it is considered that the grounds disclosed, were sufficient to warrant a continuance of the cause.

If a witness served regularly with a subpœna, in such a case, should refuse to appear, and the Court would not attach such a witness for a contempt, which we consider would be the case, why should not the reason for refusing to attach, be equally as valid for a continuance of the cause for the reason of the absence of a witness thus situated.

We think this cause should have been continued ; and feel bound to reverse the judgment, and remand the cause for further proceedings.

*Judgment reversed.*