# CHARLESTON.

## STATE *v.* GRAHAM.

Submitted June 11, 1910.   Decided November 22, 1910.

1. CRIMINAL LAW—*Constitutional Law—Habitual Criminals.*
    The provisions of Code 1906, chapter 165, sections 1 to 5 inclusive, pursuant to which, by an information in the circuit court of the county in which the penitentiary is situated, there may be imposed the additional sentence provided by law upon a convict who once or twice before has been convicted and sentenced to a penitentiary, are not violative of any constitutional guaranty.

2. SAME—*Indictment and Information—Necessity—Former Jeopardy.*
    By proceedings under the statute mentioned, the convict is not held to answer for a crime so as to require presentment or

indictment of a grand jury, nor is he thereby twice put in jeopardy for an offense.

Error to Circuit Court, Marshall County.

John H. Graham was prosecuted under Code 1906, chapter 165, and on conviction brings error.

*Affirmed.*

*Everett ·F. Moore* and *D. B. Evans,* for plaintiff in error.

*William G. Conley,* Attorney General, for the State.

ROBINSON, PRESIDENT:

John H. Graham, alias John H. Ratcliff, alias J. H. Gray, for the third time a convict in the penitentiary at Moundsville, was proceeded against by information in the circuit court of Marshall county pursuant to the provisions of Code · 1906, chapter 165, sections 1 to 5 inclusive. For clear understanding it seems necessary to recite this statute:

"1. All criminal proceedings against convicts in the penitentiary shall be in the circuit court of the county of Marshall.

"2. When a prisoner convicted of an offence, and sentenced to confinement therefor in the penitentiary, is received therein, if he was before sentenced to a like punishment, and the record of his conviction does not show that he has been sentenced under the twenty-third or twenty-fourth section of chapter one hundred and fifty-two, the superintendent of the penitentiary shall give information thereof, without delay, to the said circuit court of the county of Marshall, whether it be alleged or not in the indictment on which he was so convicted, that he had been before sentenced to a like punishment.

"3. The said court shall cause the convict to be brought before it, and upon an information filed, setting forth the several records of conviction, and alleging the identity of the prisoner with the person named in each, shall require the convict named to say whether he is the same person or not.

"4. If he say he is not, or remain silent, his plea, or the fact of his silence, shall be entered of record, and a jury shall be impaneled to inquire whether the convict is the same person mentioned in the several records.

"5. If the jury find that he is not the same person, he shall be remanded to the penitentiary; but if they find that he is

the same person, or if he acknowledge in open court, after being duly cautioned, that he is the same person, the court shall sentence him to such further confinement as is prescribed by chapter one hundred and fifty-two, on a second or third conviction, as the case may be."

The information averred that Graham, in 1898, was convicted and sentenced to the penitentiary for two years, in the circuit court of Pocahontas county; that, in 1901, for a subsequent offense, he was convicted and sentenced to the penitentiary for ten years, in the circuit court of Mineral county; that he was paroled from the penitentiary while serving the sentence last mentioned; that, in 1907, for a third offense, he was convicted and sentenced to the penitentiary for five years, in the criminal court of Wood county; that the indictment under which he was convicted in Mineral county set forth the former conviction and sentence in Pocahontas county; and that the indictment under which he was convicted in Wood county did not set forth or show either of the former convictions or sentences. The information, filed by the prosecuting attorney of Marshall county, was specific and direct in its averments of the facts and records of the several convictions and sentences. It prayed that Graham be proceeded against and made to answer the State in the premises. He was brought before the court in the custody of a guard of the penitentiary. He appeared to the information filed against him and moved to quash the same. The motion to quash was overruled; and thereupon for plea he said, that he was not the same person named in the information as having been twice before convicted and sentenced to the penitentiary. Issue was joined on this plea, and the same was tried by a jury. By the verdict it was found that the defendant Graham was the same person who formerly had been convicted and sentenced, as alleged, in the counties of Pocahontas and Mineral. Motion to set aside the verdict and grant a new trial and motion in arrest of judgment were overruled. Thereupon the court sentenced Graham to the penitentiary for life, that being the sentence provided for convicts who have twice before been sentenced in the United States to confinement in a penitentiary. Code 1906, chapter 152, section 25.

By this writ of error it is sought, upon many grounds, to overthrow the proceedings and sentence. It is submitted that

the information should have been quashed because it was not verified. This objection was not good. A prosecuting officer need not swear to an information which he officially tenders, unless the statute so directs, since he acts under his official oath. 1 Bishop Crim. Pro., section 713. The exceptions which relate to the trial itself, involving the admissibility and weight of evidence, are by no means well taken. The identity of Graham as the person formerly convicted and sentenced was clearly and regularly established, if there was warrant in law for such proceedings as were had. Nor is there anything in the point that the criminal court of Wood county did not have jurisdiction of the trial of a paroled convict for an offense committed by him in that county. But a question of merit is presented: Is the statute upon which the proceedings were founded constitutional and valid?

The statute is not contrary to any constitutional provision. It is a valid act. It is not a violation of the provision that one shall not be held to answer for treason, felony, or other crime not cognizable by a justice, unless on presentment or indictment of a grand jury. The proceedings for increased sentence are not a holding to answer for the crime to which that sentence belongs. Graham had already been held to answer for the crime itself—for the establishment of the fact of guilt. This holding for crime was by indictment in the criminal court of Wood county. By these proceedings he is not held to answer for an offense. He is not made to defend against a charge for crime. He is in no wise called upon to answer in relation to alleged crime. No allegation of crime is in the information. It only alleges his status as a convict. It alleges that he has been held to answer for crime and that he stands convicted of it through the indictment of a grand jury. It points him out as a convict already held, upon whom rests the general sentence of the law of life imprisonment. That general sentence is: "When any such convict shall have been twice before sentenced in the United States to confinement in a penitentiary, he shall be sentenced to be confined in the penitentiary for life." Code 1906, chapter 152, section 24. The proceedings under the statute are for identification only. They are clearly not for the establishment of guilt. The question of guilt is not reopened. The information only calls upon the convict to answer alleged

identification for sentence. The constitution does not provide that such procedure must be by presentment or indictment of a grand jury.

Nor was Graham again put in jeopardy for the offense as to which he stood convicted in Wood county. The constitution does forbid that one be twice put in jeopardy of life or liberty for the same offense. But it does not forbid that the Legislature may provide proceedings for the identification of those convicted of crime upon whom as a class the law imposes additional punishment. By a single jeopardy the former convict has been held to answer and the offense established against him. Thus he has been classed with those over whom, by law, hangs additional imprisonment. It only remains for him to be properly identified as belonging to that class. The identification may be at the time of the trial for the offense, if the facts are then known and alleged; or it may be later, at the penitentiary, when the facts develop. This later identification is not a second jeopardy for the offense. It is only an incident to the jeopardy that already exists. Nor is the additional sentence a second punishment for the offense. But one punishment is made to attach to the crime.

Our law does not make it an offense or crime for one to have been convicted more than once. Former conviction is not an integral part of the second or new offense. The law simply enjoins longer sentence because of former conviction. It does not prosecute and punish for the former conviction. It cannot do that. It adds punishment for the crime as to which one is lastly convicted because of the class to which he belongs. *Moore* v. *State of Missouri,* 159 U. S. 673, and the cases cited therein. The sentence is an incident to the last offense alone. But for that offense it would not be imposed. So proceedings made under this statute cannot be said to constitute a holding to answer for crime or a placing in second jeopardy for an offense. They are merely ancillary proceedings for the rightful sentence which the law mandatorily enjoins upon those already held or jeopardized.

It is said that the trial and sentence in Wood county foreclosed and forever adjudicated the question of length of sentence. If the facts justifying the longer sentence had in that trial been alleged and proved, that rightful sentence could very prop-

erly have been imposed there. But the Legislature has seen fit to provide for the imposition of such sentence after trial for the crime to which it may properly attach, whenever it has not been imposed in the trial court. We observe no constitutional restrictions against the statute which has been enacted in this particular. Since the mere imposing of the additional sentence warranted by law is not a holding to answer for crime, is not a second jeopardy or punishment for the offense itself to which the sentence rightfully belongs, and is clearly due process of law, what constitutional limitation has been placed upon legislation in this particular? None.

Statutes like the one under consideration are of long standing and acceptable recognition. Mr. Bishop, writing of the statutory forms of the provisions for increased punishment because of former conviction, notices the one which "permits the prosecuting officer to bring up from the place of confinement prisoners who have before been convicted; and on showing the conviction, to have the additional penalty imposed." 1 Bishop Crim. Law, section 959. A form for such proceedings is shown in Bishop's Directions and Forms, section 97. In Virginia, provisions of a statute identical with those involved here have been upheld as constitutional and valid. *King* v. *Lynn, Penitentiary Superintendent,* 90 Va. 345.

Discussing a statute of the character of the one here involved, Parker, C. J., in *Ross' Case,* 2 Pick 171, stated that which is particularly applicable to the case at hand: "This is not an information of an offense for which a trial is to be had, but of a fact, namely, that the prisoner has already been convicted of an offense; and this fact must appear, either by his own confession, or by the verdict of a jury, or otherwise according to law, before he can be sentenced to the additional punishment. Is he to be sentenced for an offense distinct from the one for which he has been tried upon an indictment? We apprehend not; but the only question is, whether he is such person as ought to have been sentenced, on his last conviction, to additional punishment, if the fact of a former conviction had then been known to the court. There was no need of a presentment by a grand jury, for no offense was to be inquired into. That had been already done. An indictment is confined to the question

whether an offense has been committed. Here the question was simply whether the party had been convicted of an offense."

An affirmance of the judgment sentencing the prisoner to life imprisonment is demanded by the record. It will be so ordered.

*Affirmed.*