STATE OF WEST VIRGINIA *v.* ARTHUR STOUT

(No. 8116)

Submitted May 7, 1935. Decided June 8, 1935.

*Wyatt & Randolph,* for plaintiff in error.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

KENNA, JUDGE:

Arthur Stout was convicted in the criminal court of Harrison County upon an indictment charging him with having entered the chicken house of one James Pickens and having therefrom stolen a chicken. The indictment also charged a former conviction. He was sentenced to six years' confinement in the penitentiary. The circuit court of Harrison County having denied a writ of error, this writ is prosecuted to the judgment of the latter court.

The assignments of error based upon the insufficiency of the state's proof, we regard as not being well taken. The evidence adduced by the state as to both the offense directly under trial and the former conviction, was direct, positive and sufficient.

The plaintiff in error assigns, among other grounds relied upon for reversal, the fact that the trial court refused to grant him a continuance upon his motion and showing, and in the same connection refused to allow him a brief delay on the morning of his trial to await the attendance of Dr. R. B. Nutter, who had been summoned to testify as to the absence of the defendant's wife, claimed by him to be a material witness and to be too ill to attend his trial. It appears that

the defendant expected to prove by his wife that he was at home waiting upon her in her illness at the time that the offense under trial was committed. Dr. Nutter had been summoned, but was not present when the case was called for trial. The defendant thereupon requested that a short delay be granted to await the arrival of the witness. The trial court caused an investigation to be made by a deputy sheriff and, failing to get an explanation of the witness' absence, or an indication of the time that he would be in court, required the defendant to present his motion for a continuance without the presence of Dr. Nutter, and upon such presentation, overruled the motion. The state urges that there was no error in the action of the trial court in refusing the continuance because of the fact that it is not shown that the defendant's wife was summoned to attend the trial, and that one of the essentials of a valid showing for a continuance on account of an absent witness is that due diligence has been used to produce the witness. This may be true, but the defendant complains that the trial court deprived him of the opportunity to make a full showing on his motion to continue by its refusal to wait for a brief time in order to hear the testimony of Dr. Nutter. The record shows that the court met at nine o'clock, and that the case proceeded to trial at about nine twenty. Certainly, the testimony of Dr. Nutter might have been very material on the question whether the failure of the accused to have his wife actually summoned as a witness showed a lack of diligence. The law does not, under all circumstances, require that a witness be actually subpoenaed as a test of due diligence. *Wichita Petroleum Co. v. Bell,* (Tex.) 275 S. W. 207; *Allen v. Downing,* 3 Ill. 454; *Bosley v. State,* 86 Tex. Cr. R. 619, 218 S. W. 750. The very purpose of a physician's testimony, when the sickness of a witness is assigned as a reason for non-attendance, may be to show how utterly vain it would be at the time to issue and serve a subpeona. Circumstances might, indeed, exist where the service of a subpoena would operate injuriously upon a sick witness. An accused cannot be denied a reasonable opportunity to make a full showing upon his motion for continuance, and then be met with the argument that his showing is insufficient.

It, of course, is to be realized that a request for delay on account of the failure of a witness to appear to testify concerning the failure of another witness to appear, is a severe trial to the patience of a busy judge. Nevertheless, it certainly not appearing that the failure of Dr. Nutter to be present in court was through collusion or in any manner in bad faith, we think it was error for the trial court to refuse the defendant a brief respite to account for the absence of Dr. Nutter, or await his arrival. Had this opportunity been given, the exercise of the discretion of the trial court in refusing the continuance would be presented in a different light. The fact that accused testified as to his wife's sickness does not alter the matter.

Plaintiff in error insists that he was prejudiced by the action of the trial court, over his objection, in permitting the entire indictment of his former conviction to be introduced in evidence and read to the jury. He contends that this was entirely unnecessary; that the order of his former conviction and the judgment and sentence of the court would have answered all the legal requirements of the situation; and that the effect of the reading of the entire indictment operated to over-emphasize his former conviction, and to convert that which, under the circumstances, was a merely formal item of evidence into what amounted substantially to an attack upon his reputation, which had not been put in issue.

The state urges that since the indictment upon the former conviction was fully set forth in the indictment being tried, and since the former conviction was well known to all the jurors by other proof in the case, any error connected with the reading of the indictment to the jury was non-prejudicial. It was not necessary to introduce the indictment in evidence. Neither was it necessary to spread the entire former indictment in the indictment being tried. Cases might occur in which, upon an issue raised concerning the former conviction, such proof would be material. It is not so here. Here, there was no need for more than the order of judgment in the former case and the identification of the accused as the person formerly convicted.

The purpose of alleging and proving a former conviction is

not to relate that conviction to the proof against the accused for the offense actually being tried. Since the two questions, under our practice, are submitted to the same trial jury, the proof of the former conviction should be rigidly restricted, and its effect upon the minds of the jury with respect to the guilt of the accused of the offense actually under consideration should be given no more scope than the necessities of the situation demand. The purpose of the statute is to permit trial courts to protect society from habitual criminals by the imposition of more severe sentences than would be justified by the conviction for the offense under trial alone. The indictment for the former offense is an elaborate detailed charge, including the description of many articles of personal property that were stolen. We think, therefore, that the reading of the entire indictment to the jury, under the circumstances of this case, was error.

Related to the last question is the assignment of error based upon the trial court having permitted the state to introduce as a witness the man whose garage had been burglarized by the defendant, that circumstance having formed the basis of his former conviction. This witness was permitted to testify not only as to the identity of the accused as the person formerly convicted, but that, as a matter of fact, his garage had been burglarized on the former occasion. This was giving the testimony concerning the former conviction too great scope. It is perfectly true, as contended by the state, that the bare record of the former conviction does not suffice, but that after that record is introduced further proof is required of the fact that the accused being tried is the same person that was convicted of the former charge. *State* v. *McKown,* 116 W. Va. 253, 180 S. E. 93. However, the fact of the former conviction is to be proven by the formal record. It is not to be shown by original testimony. It is not the fact of the former offense having been committed that is in issue, but the fact of accused's conviction of the former offense. To permit original testimony of the fact that the former offense was committed, in our opinion, is an erroneous over-emphasizing of the former offense.

For the reasons stated, the judgments of the circuit and criminal courts of Harrison County will be reversed, the verdict set aside and a new trial awarded.

*Judgments reversed; verdict set aside; new trial awarded.*