STATE OF WEST VIRGINIA *v.* RAY FISHER

(No. 9460)

Submitted September 21, 1943. Decided October 19, 1943.

118

*S. A. Powell* and *Dewey S. Wass*, for plaintiff in error.

*Ira J. Partlow*, Acting Attorney General, *Ralph M. Hiner*, Assistant Attorney General, and *Harry E. Moats*, for defendant in error.

RILEY, PRESIDENT:

Ray Fisher, tried for the third time in the Circuit Court of Ritchie County for the crime of grand larceny charged to have been committed on July 21, 1937, prosecutes this writ of error to a judgment sentencing him under the indeterminate sentence statute (Code, 61-11-18) to a term of from six to fifteen years in the penitentiary, with recommendation that he be confined for the minimum term of six years.

The indictment under which defendant was finally tried and convicted contains three paragraphs. The first, designated the first count, contains an alleged copy of an indictment returned by the grand jury at the November, 1926, term, of the Criminal Court of Harrison County, charging Theodore Oats and Ray Fisher with armed robbery, and alleges that they were tried upon said indictment, convicted and sentenced to the penitentiary for a term of ten years. The second charges defendant with the larceny of a black steer of the value of fifty-five dollars, belonging to the Ritchie County Live Stock Sales Company; and in the third defendant is charged with the theft of a black steer valued at fifty-five dollars belonging to Okey Black.

The first trial, had upon an indictment containing no charge of the prior conviction, resulted in a hung jury; the second in a verdict of guilty, which was set aside by this Court and a new trial awarded (*State* v. *Fisher,* 123 W. Va. 745, 18 S. E. 2d 649) ; and the third trial resulted in the verdict upon which the judgment now complained of was entered.

At the trial the State, over objection, introduced in evidence, certified copies of two orders of the Criminal Court of Harrison County in said case of State v. Theodore Oats and Ray Fisher, one entered December 6, 1926, containing the verdict of the jury finding defendant guilty as charged in the indictment, and the other, entered December 10, 1926, sentencing said defendant to a ten-year term in the penitentiary. The State then offered, and the court

admitted in evidence, over objection, the testimony of R. S. Blair, a practicing attorney, to the effect that defendant is one of the persons he represented at the preliminary hearing before a justice of the peace and the trial in the Criminal Court of Harrison County, under which the alleged former conviction was had. Upon cross-examination, defendant's counsel sought to elicit from the witness an answer to the question: "What was your opinion in that trial as to whether Ray Fisher was guilty or not guilty?". Upon objection having been sustained to this question, defendant's counsel, in the absence of the jury, vouched on the record the witness' opinion that he believed defendant innocent of the offense upon which the former conviction was had.

During the course of defendant's evidence, his counsel offered a copy of a conditional pardon of the alleged former offense granted by Governor William G. Conley, which was admitted, over objection, and a certified copy of the Governor's report to the Legislature, setting forth the reasons which prompted him to grant the pardon, which the court refused to admit in evidence.

Among others, the court gave to the jury defendant's instruction No. 8, which presented the issue whether defendant was guilty of the alleged larceny of the steer described in the indictment and the alleged former conviction. This instruction informed the jury that if defendant was guilty of both charges, the punishment would be confinement in the penitentiary from six to fifteen years.

The jury returned a verdict: "We, the jury, find the defendant guilty". Thereupon, the trial court, over defendant's objection, amended the verdict to read: "We, the jury, find the defendant, Ray Fisher, guilty as charged in the within indictment". At the court's request the foreman signed the panel at the judge's desk, and then returned to the jury box. The verdict as amended was then read to the jury in open court, and, upon being asked if it was their verdict, a number answered, "Yes," and others nodded their heads. The jury, at defendant's re-

quest, was then polled and all responded in the affirmative. During the course of these proceedings the jury remained in the court room.

The foregoing represents all the facts contained in the record necessary for a consideration of defendants assignments of error, which are seven in number and for convenience will be considered *seriatim*.

Error first is assigned to the admission of the testimony of R. S. Blair, defendant's former attorney, as to his former conviction. It is settled law in this State that a communication to an attorney by a client or former client dealing with relation as attorney and client is privileged. *Donohoe v. Collett,* 87 W. Va. 383, pt. 6, syl., 105 S. E. 265; *Hodge v. Garten,* 116 W. Va. 564, pt. 1, syl., 182 S. E. 582. But the witness' testimony is not based upon, nor does it concern, any confidential communication between Fisher and his former attorney, or any statement of the former to the latter, and our attention has not been directed to any West Virginia decision or statute holding inadmissible a former attorney's testimony as to the identity of a former client when such testimony does not involve, or is not based upon a professional communication or a statement made by the client to his former attorney. In our opinion, Blair's testimony did not involve a privileged communication within the meaning of the rule, and was not prejudicial to defendant's interest. See generally, 1 Thornton on Attorneys at Law, p. 218, notes 15, 17.

Defendant further assigns as error the trial court's refusal to permit Blair to express his opinion whether defendant was guilty of the alleged former offense. This assignment is clearly without substantial merit. The additional sentence provided by Code, 61-11-18, 19, as amended by Chapter 26, Acts West Virginia Legislature, 1939, is permitted only on the ground of a former conviction. Whether defendant was guilty or innocent of the offense for which he was formerly convicted is immaterial. "It is not the fact of the former offense having

been committed that is in issue, but the fact of accused's conviction of the former offense". *State* v. *Stout*, 116 W. Va. 398, 402, 180 S. E. 443. To like effect: *State* v. *Lawson*, 125 W. Va. 1, 22 S. E. 2d 643.

Error is also assigned to the trial court's refusal to admit in evidence the certified copy of Governor Conley's report, purported to set forth the reasons which prompted the Governor to grant defendant a conditional pardon. We do not think the trial court erred in this regard. When this case was here before on writ of error (*State* v. *Fisher, supra*), it was held that notwithstanding the conditional pardon for the offense for which the defendant was formerly convicted, the condition is a former conviction under Code, 61-11-18. Point 1 syllabus in that case reads: "When the condition upon which a pardon under Code, 5-1-16, rests, is, by the final judgment of a court of record, found to have been violated, the conviction for the offense which was conditionally pardoned may constitute a former conviction under Code, 61-11-18". This holding is the law of this case on the question of the effect of a conditional pardon, and is in accordance with the prevailing view. For an excellent collation of authorities see *People* v. *Gowasky*, 244 N. Y. 451, 155 N. E. 737, 58 A. L. R. 9, note pages 49, 50, 51; *People* v. *Brown*, 253 Mich. 537, 235 N. W. 245, 82 A. L. R. 341, note pages 362, 363; and *People* v. *Biggs*, 9 Cal. 2d 508, 70 P. 2d 214, 116 A. L. R. 205, note 224, 226. In the case of *People* v. *Dutton*, 9 Cal. 2d 505, 71 P. 2d 218, the court held inadmissible evidence offered by the defendant purporting to prove that in his application for a pardon, on the basis of which it was granted, he urged his innocence. We think the California rule is sound, and applies with like force to the Governor's report to the Legislature offered in evidence in the instant case. It is to be noted that the statute governing former convictions, Code, 61-11-18, provides for additional sentence only on the basis of a former conviction. The Governor's opinion, we think, cannot be substituted for the verdict of the jury and the court's

judgment in the case in which the former conviction was had. The evidence was properly rejected under the holdings of this Court in *State* v. *Stout, supra,* and *State* v. *Lawson, supra.*

The fourth, fifth and sixth assignments of error involve the validity of the jury verdict, and may be discussed together. In these three assignments defendant urges that the court erred in the following particulars: (1) in amending, over objection, the first verdict returned by the jury; (2) in entering judgment upon the verdict of the jury as originally returned by it, or upon the said verdict as amended by the court, over objection; and (3) that the court was without authority to sentence the defendant from six to fifteen years in the penitentiary, for the reason that the jury by its verdict made no finding on the issue as to whether defendant had been previously convicted of a felony in the Criminal Court of Harrison County.

We see no prejudicial error in the trial court's amendment of the jury verdict. The case of *State* v. *McHaffa,* 110 W. Va. 266, 157 S. E. 595, is substantially in point on the question immediately under consideration. In that case the jury had been instructed that it might find defendant guilty of either voluntary or involuntary manslaughter, but returned a verdict of manslaughter. The trial court then told the jury that there were two kinds of manslaughter, voluntary and involuntary, and questioned the jurors as a group which they intended. Some replied "voluntary manslaughter", and the court then asked each juror whether voluntary manslaughter was his verdict, and rewrote the verdict in conformity with what the jurors indicated their verdict to be. The court then read the amended verdict to the jury, and again inquired whether such was their verdict, "to which the jury answered in the affirmative". As in the instant case, the jury in the *McHaffa* case, as disclosed by the printed record thereof, remained in the court room during the entire proceedings. See also *State* v. *Burrell,* 120 N. J. L.

277, 199 A. 18, 23; *State* v. *Mosca*, 90 Conn. 381, 97 A. 340.

Lastly, defendant asserts that the trial court was not justified in imposing upon him an indeterminate sentence under Code, 61-11-16, as amended and reenacted by Chapter 24, Acts of the Legislature, 1939, for the reason that at the time said alleged offense was committed, Code, 61-11-16 and 61-3-13, read together, provided for a definite sentence for grand larceny of confinement in the penitentiary for not less than one nor more than ten years.

Chapter 24, Acts 1939, provides: "Every sentence to the penitentiary of a person convicted of a felony, for which the maximum penalty prescribed by law is less than life imprisonment, shall be a general sentence * * * Imprisonment under a general sentence shall not exceed the maximum term prescribed by law for the crime for which the prisoner was convicted, * * *". The statute further provides that the trial judge may designate a definite term, which designation, however, is only advisory to the director of probation and parole. Chapter 27, Acts West Virginia Legislature, 1939, provides, among other things, for eligibility for parole, conditions of release on parole, the period of parole and revocation for violation of parole. Under the sentence imposed upon defendant, he will be confined to the penitentiary for fifteen years, unless sooner released by parole. Under said Chapter 27 he will not be eligible for parole until he has served one year, the minimum for grand larceny, and then he may be released on parole within the discretion of the director of probation and parole, only upon the conditions prescribed by Section 17 of the Act; that, during the period of parole which, under Section 18 shall be fifteen years, defendant must not violate any criminal law of this or any other state, or the United States, nor leave the State without the consent of the director of probation and parole, otherwise he will violate his parole, and he is subject to the rules and regulations of the director, and, at the director's discretion may be required to furnish bond. Section 19 provides that where the director has reasonable

cause to believe that a parolee has violated his parole, he may cause said parolee to be summarily arrested, returned to confinement, and upon "a prompt and summary hearing", if found guilty of parole violation, the director may revoke the parole. In case the violation consists of the commission of a felony, the director must require the return of the parolee to confinement during the whole of the maximum period of the sentence, and in all other cases, during the whole or a part of such period within his discretion.

Under the foregoing statutes the pertinent question is: Does the indeterminate sentence statute, if made applicable to the instant case, violate the *ex post facto* clause of Article I, Section 10 of the Constitution of the United States? We think it does. In *Lindsey* v. *State of Washington*, 301 U. S. 397, 57 S. Ct. 797, 81 L. ed. 1182, the Supreme Court of the United States applied the *ex post facto* provision of the Constitution to the Washington indeterminate sentence statute, which statute provides that on conviction of a felony, the trial court shall fix the maximum term of sentence, subject to possible earlier release through parole. The Court held the statute inapplicable to the conviction of a crime committed before its enactment. The test governing the application of a new punitive statute to a crime already consummated, under the *Lindsey* case, is whether the retroactive action operates "to the detriment or the material disadvantage of the wrongdoer". The maximum sentence required by the Washington statute and the convict's later opportunity to secure release through parole, as a practical matter, does not differ from the general sentence under the West Virginia statute. Under the general sentence imposed upon the defendant here, he will be confined to the penitentiary for a maximum period of fifteen years unless sooner released upon parole, or by executive pardon. The detriment and disadvantage to defendant wrought by the imposition of the indeterminate sentence seem apparent. As heretofore suggested, he may be paroled only upon certain conditions.

Always during the period of the maximum term, he will be subject to the supervision of the director. But, if defendant had been given a definite sentence, it may be that he would have been sentenced for a term of less than fifteen years. In fact, the sentence could have been for a period as short as six years, and, in the event of his pardon, or after the termination of his sentence he would have been at liberty to leave the state at his will, and if he committed a crime, he could be tried for that crime only, subject to the provision of the statute governing prior convictions for felony. Under the instant sentence, if he should be paroled, he will, during the maximum period of the sentence, be subject constantly to the supervision and control of the director, and, in the event he should commit a crime during the period of parole, no matter how trivial, he may be summarily arrested, tried, and returned to the penitentiary for a part of or the entire period of parole. In accord with the *Lindsey* case, see *Ex parte Lee,* 177 Cal. 690, 171 P. 958; also 11 Am. Jur., Constitutional Law, Section 356.

There being no error in this case other than the entry of the judgment imposing sentence, the judgment should be reversed and the case remanded for proper judgment of sentence to be entered by the trial court in accordance with our prevailing practice. *State* v. *Mooney,* 27 W. Va. 546, pt. 2 syl.; *State* v. *Coontz,* 94 W. Va. 59, pt. 5 syl., 117 S. E. 701; *State* v. *McKown,* 116 W. Va. 253, 255, 180 S. E. 93.

*Judgment reversed; case remanded.*