### UNITED STATES ex rel. BOWE v. SKEEN, Warden.

#### No. 560–W.

United States District Court
N. D. West Virginia, Wheeling Division.

Oct. 15, 1952.

tiary by reason of a sentence of life imprisonment imposed upon him by the Kanawha County Intermediate Court on May 14, 1934, under the West Virginia Habitual Criminal statute. No appeal was taken from that conviction, but in December, 1943, petitioner filed a petition for writ of habeas corpus in the Circuit Court of Marshall County, West Virginia, that being the county in which the penitentiary is located, for a writ of habeas corpus, which petition was dismissed by that court on January 3, 1944. An appeal from that dismissal was taken to the Supreme Court of Appeals of West Virginia without success, whereupon petition for a writ of habeas corpus mentioned above was filed in this court and denied on September 12, 1944. No application was made to the Supreme Court of the United States for certiorari from the action of the Supreme Court of Appeals of West Virginia. An application was made to the Supreme Court of the United States "for leave to file petitions for writ of habeas corpus" which leave was denied on Nov. 13, 1944. Ex parte Bowe, 323 U.S. 675, 65 S.Ct. 125, 89 L.Ed. 549. This present petition was filed in this court on November 6, 1951. The Court appointed five attorneys to represent him in this case.

In this petition he claims that two former federal convictions were used against him. He does not deny the previous convictions but claims that he was not indicted as an habitual criminal, and that the procedure provided by the West Virginia statute violates his constitutional rights. The state attached to the indictment for grand larceny a bill of information regarding these former convictions, empaneled a jury, and then read the attached bill of information to the jury. The state then proceeded to prove that the petitioner was the same person who had been sentenced for the previous felonies as was now charged with grand larceny. The same jury that heard the principal charge of grand larceny was asked to decide if the petitioner was also the felon in the two previous convictions. The petitioner questions the correctness of this procedure.

Carl Bachmann, C. Lee Spillers, Wayne Brooks, Lester Hess and S. Robert Reiter, Wheeling, W. Va., for petitioner.

WATKINS, District Judge.

This is the second petition filed in this court by Jesse Bowe for a writ of habeas corpus. The first petition was denied by this court on September 12, 1944.

Jesse Bowe is a state prisoner who is now confined in the West Virginia penitentiary

The West Virginia Code of 1931, Chapter 61, Art. 11, Sec. 19, states:

"When any such convict shall have been twice before sentenced in the United States to confinement in a penitentiary, he shall be sentenced to be confined in the penitentiary for life. But before such sentence may be lawfully imposed, it must be alleged in the indictment on which he is convicted, and admitted, or by the jury found, that such convict had theretofore been twice sentenced in the United States to the penitentiary."

It is apparent that at the time petitioner was tried for the grand larceny offense it was proper procedure for the petit jury to determine, (1) whether the present defendant was the same person who had previously had two felony convictions, and (2) whether he was guilty of the principal charge. This procedure was approved in State v. Lawson, 125 W.Va. 1, 22 S.E.2d 643, 144 A.L.R. 235; State v. Stout, 116 W.Va. 398, 180 S.E. 443, and other cases. By an amendment in 1943 to the West Virginia Code it is now provided that the determination of the past criminal record of an individual for purposes of the habitual criminal statute, shall take place after conviction and before sentence. West Virginia Code, Chap. 61, Art. 11, Sec. 19.

Petitioner also states that his prior convictions were attached to the grand larceny indictment against him by a bill of information, and that it is unconstitutional for a court to impose sentence in this manner, the West Virginia Code calling for an indictment in all felony cases. It should be noted, however, that he was not tried for these previous felonies, but only given a longer sentence because of them. The procedure followed by the state in the prosecution of the petitioner was held not to violate the provision that one shall not be held to answer for a crime unless on presentment or indictment of a grand jury. State v. Graham, 68 W.Va. 248, 69 S.E. 1010, 40 L.R.A.,N.S., 924, affirmed by the Supreme Court of the United States in State v. Graham, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917.

This second petition filed in this court for a writ of habeas corpus must be dismissed for the following reasons: (1) the Supreme Court of the United States has held that the procedure followed in West Virginia, of which petitioner complains, is not unconstitutional. Graham v. United States, supra. That opinion of the Supreme Court answers the points raised by petitioner. (2) Petitioner's remedy for error in matters of procedure at his trial was by appeal and not by writ of habeas corpus. (3) Where questions raised in petitions for habeas corpus had been raised and passed upon by state trial court, and action of trial court had been affirmed by State Supreme Court and the United States Supreme Court had denied certiorari, federal District Court may properly refuse to re-examine upon writ of habeas corpus the questions thus presented. Speller v. Allen (Brown v. Allen), 4 Cir., 192 F.2d 477. To same effect Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572. If the questions raised by this petition for habeas corpus are not the same as those passed upon by the trial court and the state Supreme Court, then the petition must be dismissed because petitioner has not exhausted his state remedies. 28 U.S.C.A. § 2254. Sanderlin v. Smyth, 4 Cir., 138 F.2d 729. U. S. ex rel. White v. Martin, 2 Cir., 197 F.2d 147.