**Raymond CANNON, Petitioner,**

v.

**Orel J. SKEEN, Warden, West Virginia Penitentiary, Respondent.**

**Civ. No. 429–F.**

United States District Court
N. D. W. Va., Fairmont Division.

Nov. 22, 1954.

Russell L. Furbee, Fairmont, W. Va., for petitioner.

John G. Fox, Atty. Gen. of West Virginia, and Cletus B. Hanley, Asst. Atty. Gen., for respondent.

WATKINS, Chief Judge.

Petitioner, Raymond Cannon, now serving a state sentence in the West Virginia Penitentiary, has filed a petition for a writ of habeas corpus, and the warden of the penitentiary has filed an answer to such petition. From the petition it appears that the petitioner is serving a sentence of life imprisonment imposed upon him by the Ohio County Intermediate Court at the October Term 1942 under the West Virginia Habitual Criminal Act, Code, 61–11–18. Petitioner was convicted of the crime of breaking and entering, but the indictment also set forth that he had been previously convicted of the crime of breaking and entering on the 3d day of June, 1918, in the Common Pleas Court of Monroe County, Ohio, and sentenced to the Ohio Penitentiary for a period of not less than one nor more than fifteen years; that thereafter the petitioner was convicted of the crime of breaking and entering in the Criminal Court of Ohio County, West Virginia on the 10th day

of January, 1925, and sentenced to a term of seven years in the West Virginia Penitentiary; and that in the Intermediate Court of Ohio County, West Virginia, the petitioner was convicted of breaking and entering, and on the 28th day of June, 1935, was sentenced to the Penitentiary of West Virginia for a period of three years. The trial jury found the petitioner guilty of breaking and entering as charged, and also found that he was the same person who had been convicted three times previously, as charged. Following his sentence of life imprisonment no appeal from this conviction was taken, but in August, 1953, petitioner filed his petition for a writ of habeas corpus in the Supreme Court of Appeals of West Virginia, which petition was denied on September 1, 1953, and the Supreme Court of the United States denied certiorari on November 30, 1953. 346 U.S. 903, 74 S.Ct. 232. Thereupon this petition for a writ of habeas corpus in this court was filed. Petitioner asked to proceed in forma pauperis and to have counsel appointed for him, which requests were granted. An answer was filed by respondent and a hearing was held.

The petitioner urges as ground for his release that it was unlawful to present his previous convictions to the jury on the trial; that such presentation was double jeopardy; that such presentation amounts to denial of a fair and impartial trial; that West Virginia has no jurisdiction to use previous felony convictions had in another state to impose a life sentence; that West Virginia has no legal authority to sentence for life on third felony conviction; that such life sentence for third felony is a violation of the United States and the West Virginia Constitutions; that he is illegally confined because of the constitutional guarantee that a citizen shall not be placed in slavery or involuntary servitude.

 The petition must be denied. An examination of the petition filed in the Supreme Court of Appeals of West Virginia shows that the same grounds urged here were considered by the Supreme Court of Appeals of West Virginia. A federal district court will not ordinarily re-examine upon writ of habeas corpus the questions which have been presented to the highest state court and the United States Supreme Court. Goodwin v. Smyth, 4 Cir., 181 F.2d 498. Petitioner's contention as to violation of a constitutional guarantee against slavery or involuntary servitude is devoid of merit. Amendments to the Constitution of the United States, Article 13, Section 1, reads as follows:

"Neither slavery nor involuntary servitude, except as a punishment for crime whereof the parties shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."

In his petition petitioner claims that the previous convictions were used against him. He does not deny the previous convictions, but claims that the procedure provided by the West Virginia statute violated his constitutional rights. As mentioned above, the previous convictions were charged in the indictment and the petit jury found that petitioner had previously been convicted as charged.

The West Virginia Code of 1931, Chapter 61, Article 11, Section 19, as amended, states:

"When any such convict shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life. But before such sentence may be lawfully imposed, it must be alleged in the indictment on which the person is convicted, and admitted, or by the jury found, that such convict had theretofore been twice so convicted."

The above statute was in effect at the time the petitioner was tried in the October, 1942 Term of the Intermediate Court of Ohio County for the crime of breaking and entering. However, the above section was amended in 1943, and now provides that the determination of the past criminal record of an individual,

for purposes of habitual criminal statutes, shall take place after conviction and before sentence. In the case of United States ex rel. Bowe v. Skeen, D.C., 107 F.Supp. 888, this court set forth the above former provision of Chapter 61, Article 11, Section 19 of the Code of 1931, and stated at page 890 as follows:

"It is apparent that at the time petitioner was tried for the grand larceny offense it was proper procedure for the petit jury to determine, (1) whether the present defendant was the same person who had previously had two felony convictions, and (2) whether he was guilty of the principal charge. This procedure was approved in State v. Lawson, 125 W.Va. 1, 22 S.E.2d 643, 144 A.L.R. 235; State v. Stout, 116 W.Va. 398, 180 S.E. 443, and other cases. * * *"

In the case of State v. Lawson, 1942, 125 W.Va. 1, 22 S.E.2d 643, 644, 144 A.L.R. 235, the Supreme Court of Appeals of West Virginia approved the procedure provided in Code 61–11–19 (1931), as follows:

"Under our practice a charge of former conviction, as well as the principal or substantive charge of crime, is submitted to the same jury. Code, 61–11–19, as amended by Chapter 26, Acts 1939. The charge of former convictions must be proved with the same degree of certainty as the charge of the substantive offense, but the evidence to establish such convictions should not be emphasized to the extent that the defendant will be prejudiced thereby. State v. Stout, 116 W.Va. 398, 180 S.E. 443. * * *"

■■ The procedure under Code, 61–11–19, before the 1943 amendment thereof, was approved in the case of Graham v. State, 224 U.S. 616, 32 S.Ct. 583, 586, 56 L.Ed. 917, wherein the court stated that "while it is familiar practice to set forth in the indictment the fact of prior conviction of another offense, and to submit to the jury the evidence upon that issue, together with that relating to

the commission of the crime which the indictment charges, still in its nature it is a distinct issue, and it may appropriately be the subject of separate determination." Petitioner's contentions cannot be maintained for the further reason that error in matters of procedure at a trial is by appeal and not by a writ of habeas corpus. United States ex rel. Bowe v. Skeen, D.C.N.D.W.Va.1952, 107 F.Supp. 888; Peer v. Skeen, D.C.N.D. W.Va.1952, 108 F.Supp. 921.

The petition and the exhibits filed therewith show no cause of action which would justify the issuance of a writ. The facts set forth by petitioner, if true, do not show the violation of any constitutional right.

Petition dismissed.