UNITED STATES ex rel. Robert
CLARK, Petitioner,
v.
Orel J. SKEEN, Warden of West Virginia
State Penitentiary.
Civ. No. 434-F.

United States District Court,
N. D. West Virginia,
Fairmont Division.
Nov. 23, 1954.

Russell L. Furbee, Fairmont, W. Va., for petitioner.

John G. Fox, Atty. Gen., and Robert E. Magnuson, Asst. Atty Gen., for respondent.

WATKINS, Chief Judge.

Petitioner, Robert Clark, a state prisoner, has filed a petition for a writ of habeas corpus, claiming illegal detention in the West Virginia Penitentiary. Petitioner has been sentenced to life imprisonment under the West Virginia Habitual Criminal statute, which sentence was imposed by the Criminal Court of Harrison County, West Virginia on April 14, 1950. Petitioner was tried and convicted for larceny of an automobile. Subsequent to conviction petitioner was again returned to court and an information, together with records of two former convictions, were filed against him. A jury empaneled for the proceeding found him to be the same person as charged in the information, and thereupon the judge committed him to the penitentiary for life as an habitual criminal. Petitioner was represented by counsel appointed by the court.

The petitioner has filed a number of petitions for habeas corpus in the West Virginia Supreme Court of Appeals, the latest of which was filed on June 1, 1953. This petition, which presented the same questions which are now raised in this court, was denied by the West Virginia Supreme Court of Appeals on July 6, 1953. The United States Supreme Court denied certiorari on October 12, 1953. 346 U.S. 839, 74 S.Ct. 63. Petitioner asks leave to proceed in this court in forma pauperis and for appointment of counsel, which requests were granted. Respondent filed an answer, and a hearing was held.

An examination of the petition for writ of habeas corpus which the petitioner presented to the Supreme Court of Appeals of West Virginia discloses that the same grounds were raised and considered there as are now before this court. This fact brings the present petition within the general rule that a federal district court may decline, without a rehearing of the facts, to award a writ of habeas corpus to a state prisoner where the legality of such detention has been determined, on the facts presented, by the highest state court with jurisdiction, whether through affirmance on appeal or denial of post conviction remedies, as the state and federal courts have the same responsibility to protect persons from violations of their constitutional rights. Goodwin v. Smyth, 4 Cir., 181 F.2d 498; Brown v. Allen, 344 U.S. 443, 457–458, 73 S.Ct. 397, 437, 97 L.Ed. 469. For this reason, the petition must be dimissed. However, it is clear that there is no merit in any of the grounds set forth in the petition.

Petitioner assigns twelve grounds for the issuance of a writ of habeas corpus. Paragraphs 7, 8, 9, 10 and 11 of the petition claim that Chapter 61, Article 11, Sections 18 and 19 of the West Virginia Code, commonly referred to as the Habitual Criminal Act, are unconstitutional for various reasons. It is well settled that such legislation is valid. State v. Graham, 68 W.Va. 248, 69 S.E. 1010, 40 L.R.A.,N.S., 924, affirmed 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917; Peer v. Skeen, D.C., 108 F. Supp. 921, 922; 24 C.J.S. Criminal Law, § 1959; 25 Am.Jur., Habitual Criminals, Sections 3 and 4.

In Paragraph 2 of the petition he urges that the information of the two prior felony convictions should have been in the form of an indictment. In

Peer v. Skeen, supra, this court said: "An indictment as an habitual criminal is not necessary because defendant is not on trial as an habitual criminal, but is sentenced to a heavy penalty because he is one."

■■ In Paragraph 4 petitioner contends that since one of his convictions was upon a plea of nolle contendere it cannot be used as a basis for sentencing him as an habitual criminal. It is well settled that a plea of nolle contendere is the equivalent of a plea of guilty, except that it cannot be used against the accused as an admission in any civil suit for the same act. 22 C.J.S., Criminal Law, § 425. In the case of United States ex rel. Collins v. Claudy, D.C., 106 F.Supp. 367, reversed on other grounds, 10 Cir., 204 F.2d 624, the court held that a plea of nolle contendere has the same effect as a plea of guilty, and that a sentence upon such a plea amounts to a conviction, and that such a conviction can be used as a basis for sentence under the Habitual Criminal statute. See also 24 C.J.S., Criminal Law, § 1960–a.

■ In Paragraph 6 petitioner urges that the Harrison County Criminal Court jury should have been informed that he was a third offender, and if convicted of the offense charged would be subject to life imprisonment. There is obviously no merit in this point. The jury is simply the trier of facts and has no interest or control over the punishment of the accused if found guilty.

■ In Paragraph 12 petitioner complains that he was not represented by counsel at his two previous felony convictions in Pennsylvania. It is well settled that even though a prior conviction may have been erroneous, this fact will not prevent the operation of an habitual criminal statute unless the court in which the prior conviction was obtained had no jurisdiction. 24 C.J.S., Criminal Law, § 1961; Anderson v. McClintic, 115 W.Va. 329, 175 S.E. 857. In the case of State v. Fisher, 126 W.Va. 117, 27 S.E.2d 581, 583, it was held that the guilt or innocence of the offense for which the defendant was formerly convicted is immaterial. The court there stated:

"Whether defendant was guilty or innocent of the offense for which he was formerly convicted is immaterial. 'It is not the fact of the former offense having been committed that is in issue, but the fact of accused's conviction of the former offense'. State v. Stout, 116 W.Va. 398, 402, 180 S.E. 443, 445. To like effect: State v. Lawson [125 W.Va. 1], 22 S.E.2d 643, 144 A.L.R. 235."

■ In Paragraphs 1 to 3 of his petition it is urged that since he was an escaped prisoner from the Pennsylvania Penitentiary at the time of the trial that the Harrison County Criminal Court was without jurisdiction to try and sentence him. There is obviously no merit in this contention.

■ In Paragraph 5 he complains that a writ of habeas corpus should be issued because he was denied the right to appeal his conviction by the Harrison County Criminal Court. The final order of the Harrison County Criminal Court shows that the judgment of the court was stayed for 60 days to enable petitioner to make an application for writ of error and that petitioner was given leave to prepare and tender his bill of exceptions within the 60-day period. There are no facts stated in the petition showing that any one prevented the petitioner from complying with the conditions and the procedure prescribed by law for the taking and perfection of an appeal. For a discussion of habeas corpus on the ground of deprivation of the right to appeal, see Annotation, 19 A.L.R.2d 789. Matters of alleged error not reaching the level of deprivation of some constitutional right are for determination in appellate rather than habeas corpus proceeding. In re Quantz, D.C.D.C., 106 F.Supp. 557.

For the reasons stated above, the petition must be dismissed.