**UNITED STATES ex rel. Charles Edward ESTEP, Petitioner,**

**v.**

**Orel J. SKEEN, Warden of West Virginia Penitentiary, Respondent.**

Civ. A. No. 433–F.

United States District Court
N. D. West Virginia,
Fairmont Division.

Nov. 23, 1954.

Russell L. Furbee, Fairmont, W. Va., for petitioner.

John G. Fox, Atty. Gen., and Arden J. Curry, Asst. Atty. Gen., for respondent.

WATKINS, Chief Judge.

Petitioner, Charles Edward Estep, is a state prisoner in the West Virginia

Penitentiary. He has filed a petition requesting the issuance of a writ of habeas corpus to inquire into the legality of his detention. He is serving a life sentence under the West Virginia Habitual Criminal Act imposed upon him by the Circuit Court of Nicholas County, West Virginia, on October 27, 1940. Petitioner was convicted on a plea of guilty of the crime of forgery, but the indictment also set forth that he had been previously convicted of a felony on the 19th day of June, 1920, in the Intermediate Court of Kanawha County, West Virginia, and was sentenced to the West Virginia Penitentiary for two years; that thereafter the petitioner was convicted of the crime of entering without breaking in the Intermediate Court of Kanawha County, West Virginia, on the 30th day of April, 1928, and was sentenced to serve a term of two years in the West Virginia Penitentiary. The petitioner appeared by counsel and in person and plead guilty to the indictment. While the petitioner was in the Nicholas County Jail, he was involved in an attempted jail break during which he committed an assault upon the jailer. For this offense he was indicted on the 19th day of November, 1940. The records in the office of the Clerk of the Circuit Court of Nicholas County show no disposition of this indictment.

Following his sentence of life imprisonment in 1940 no appeal was taken, but on February 5, 1954, petitioner filed his petition for a writ of habeas corpus in the Supreme Court of Appeals of West Virginia, which petition was denied on February 15, 1954. On April 7, 1954, petitioner filed another petition in the Supreme Court of Appeals of West Virginia, which was denied on April 19, 1954. The Supreme Court of the United States denied certiorari on May 24, 1954, Estep v. Skeen, Warden, 347 U.S. 979, 74 S.Ct. 793. Thereupon petitioner filed the present petition in this court.

The sole ground upon which petitioner claims unconstitutional confinement is that the court was "without authority of law" to sentence him to life imprisonment upon the assault indictment. A certified copy of the court records shows that the life sentence was not imposed upon the assault indictment, but upon the third felony conviction. Therefore petitioner is not detained under the indictment or the sentence of which he complains. In order to clarify the situation the court has looked to the court order upon which he is detained and has found it to be valid, and has found that the petitioner is legally confined for the following reasons:

At the time the sentence was imposed Chapter 61, Article 11, Section 19 of the official Code of West Virginia of 1931, as amended, provided:

"When any such convict shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life. But before such sentence may be lawfully imposed, it must be alleged in the indictment on which the person is convicted, and admitted, or by the jury found, that such convict had theretofore been twice so convicted."

At the time the petitioner entered his plea of guilty to the indictment charging him with forgery and reciting in detail the former convictions and sentences, it was proper to include in the indictment such former convictions. State v. Lawson, 125 W.Va. 1, 22 S.E.2d 643, 144 A.L.R. 235; United States ex rel. Bowe v. Skeen, D.C.N.D.W.Va., 107 F.Supp. 888; Anderson v. McClintic, 115 W.Va. 329, 175 S.E. 857. When the petitioner plead guilty to the indictment he also plead guilty to the former convictions and was therefore properly sentenced by the court as an habitual criminal. Anderson v. McClintic, supra. The United States Supreme Court has held that the procedure followed in West Virginia under the above statute was not unconstitutional. Graham v. State, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917.

The petition for writ of habeas corpus is dismissed.